# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

   Plaintiff-Appellee,

v

JOHNNY TAYLOR,

   Defendant-Appellant.

UNPUBLISHED
November 17, 2015

No.  322629
Jackson Circuit Court
LC No.  13-003884-FC

Before:  GADOLA, P.J., and HOEKSTRA and M. J. KELLY, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of armed robbery, MCL 750.529.  He was sentenced as an habitual offender, fourth-offense, MCL 769.12, to 20 to 50 years' imprisonment. Defendant appeals as of right.  Because defendant has not shown that he was denied the effective assistance of counsel, we affirm.

At trial, evidence showed that in the early morning hours of December 26, 2013, an Admiral Gas Station in Jackson, Michigan was robbed.  During the robbery, the gas station attendant was struck in the head multiple times and forced at gunpoint to give the robber the money in the cash register.  The robber then absconded with the money from the register, including a marked $2 bill.  At trial, the clerk could not identify defendant as the robber because defendant was bundled up in a green coat that concealed his face.  Likewise, there was video footage of the robbery, some of which was played for the jury, but the perpetrator's face is not visible in the footage.

Police responding to the robbery were able to follow tracks from the gas station to the home of Heather Banks, a woman with whom defendant was acquainted.  Even though it was after 2:00 am and her five small children were sleeping in the home, Banks testified that she let defendant into her home to make a telephone call.  Further, she testified that when police arrived, she told defendant that police were looking for him, at which time defendant ran into Banks's bedroom and hid.  Banks gave police permission to enter the home.  However, when ordered to exit the bedroom by police, defendant refused, prompting police to deploy a police dog to find defendant in the closet of Bank's bedroom.  The dog latched on to defendant's arm; but, because defendant was wearing several layers of clothing, the dog did not puncture defendant's skin.  In particular, defendant was wearing a green jacket like the jacket worn by the gas station robber.

-1-

After the dog apprehended defendant, defendant was taken to the hospital to make sure he was uninjured. On the way to the hospital, defendant waived his *Miranda*[1] rights and, in response to police questioning, defendant stated that "the gun is not in the house." Additionally, when police searched the bedroom where defendant had been hiding, in the box spring of Banks's bed, near a pair of reading glasses on the floor that did not belong to Banks or her family members, police found a BB gun that looked like a handgun as well as the money from the robbery, including the tracer $2 bill. At the hospital, defendant told police that he needed his reading glasses to read some documents. As noted, the jury convicted defendant of armed robbery. Defendant now appeals as of right.

On appeal, the only issues before us are various claims of ineffective assistance of counsel, some of them raised by appellate defense counsel in defendant's brief on appeal and others raised by defendant in his Standard 4 brief. Defendant failed to move the trial court for an evidentiary hearing or a new trial, meaning his claims of ineffective assistance are unpreserved and our review is limited to mistakes apparent on the record. *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008). Claims of ineffective assistance of counsel are mixed questions of law and fact. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). Findings of fact by the trial court, if any, are reviewed for clear error, and questions of constitutional law are reviewed de novo. *Id.*

Under the standard set forth in *Strickland*,[2] to establish a claim of ineffective assistance of counsel, a defendant must show that: "(1) that counsel's representation fell below an objective standard of reasonableness, and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014) (quotation marks and citation omitted). "Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012). Trial counsel has "great discretion" in matters of trial strategy, *People v Pickens*, 446 Mich 298, 330; 521 NW2d 797 (1994), and this Court will not substitute its judgment for counsel on matters of trial strategy, *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999). "Decisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy[.]" *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002). Further, failure to call a witness only constitutes ineffective assistance of counsel if it deprives the defendant of a substantial defense. *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012). However, defense attorneys always have a "duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary," and strategic choices "made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012) (quotation marks and citation omitted). Finally, a defendant bears the burden of establishing the factual predicate of his claim, meaning

---

[1] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

[2] *Strickland v Washington*, 466 US 668, 104 S Ct 2052, 80 L Ed 2d 674 (1984).

that, "[t]o the extent his claim depends on facts not of record, it is incumbent on him to make a testimonial record at the trial court level . . . ." *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999) (citation omitted).

In this case, on appeal, defendant first argues that trial counsel was ineffective for failing to investigate and for failing to prepare for trial. Specifically, defendant asserts that counsel did not meet with defendant an adequate number of times. According to defendant, counsel also failed to investigate the possibility that Banks's 17-year-old son was the gas station robber. Defendant claims that, before trial, he told his trial counsel that he was asleep on Banks's couch when Banks's son returned to the house at around 2 a.m. He now asserts that counsel should have investigated potential testimony from Banks's son regarding his activities that night, the presence of guns in the home, and whether he had entered the room where the items from the robbery were found. Defendant also claims that counsel failed to procure evidence (or at least failed to share that evidence with defendant), including photographs of footprints in the snow, the video footage of the robbery showing all the camera angles, photographs of defendant's arm after he was bitten by the dog, photographs of the green coat worn by defendant, and photographs of the $2 bill found in Banks's home.

As noted, defendant failed to move the trial court for a new trial or for an evidentiary hearing. As a result, there is no record support for defendant's assertion that counsel failed to conduct an investigation, that counsel failed to meet with defendant a reasonable amount of times, that counsel failed to obtain evidence or to share it with defendant, or that Banks's son possessed guns, that he returned home late to the house, or that he had an opportunity to enter the room where police discovered evidence of the robbery. Cf. *People v Carbin*, 463 Mich 590, 601; 623 NW2d 884 (2001). To the contrary, by defendant's own admissions, counsel met with him before trial and defendant sent additional communications to his attorney via letter. Our review of the record also shows that, as a general matter, defense counsel made a detailed demand for discovery, and that at trial counsel was prepared to cross-examine witnesses and to present closing arguments.[3] While counsel may not have proceeded with the strategy now advanced by defendant on appeal, there is nothing in the record to support defendant's assertions that counsel's strategic decisions were made without adequate investigation or that they were unreasonable in light of counsel's pre-trial investigations. See *Trakhtenberg*, 493 Mich at 52.

---

[3] For example, counsel argued during closing (1) that defendant could not be identified from the video of the robbery, (2) that the robber did not wear gloves and yet no fingerprint evidence had been introduced to tie defendant to the crime, (3) that police made no effort to match defendant's shoes to the footprints they followed to Banks's house, (4) that there were no telephone records to support Banks's testimony that defendant made calls while at her house, and (5) that the green coat supposedly worn by defendant did not have dog marks as one would expect given the manner of defendant's apprehension. In these circumstances, counsel maintained that the prosecutor had shown nothing more than that defendant was in Banks's house and bitten by a dog.

Moreover, with respect to Banks's son in particular, the record evidence does not support the defense that defendant now claims his counsel should have investigated and presented at trial. That is, contrary to defendant's assertions on appeal, Banks denied having a gun in the home and, when defense counsel asked Banks at trial whether any of her children had "been out and come back in that night," she indicated that they had all stayed in all night. Police confirmed that Banks's children were in bed when they entered the home and that the children had to be removed to squad cars for their safety while police tried to rouse defendant from his hiding place in the closet. In other words, on the record presented, defendant has not established the factual predicate of the defense he now claims counsel should have investigated and pursued. See *Hoag*, 460 Mich at 6. And, consequently, defendant has not shown counsel performed below an accepted standard of reasonableness or that he was prejudiced by counsel's performance.

We note that defendant filed an untimely motion in this Court to remand for an evidentiary hearing and, in support of that motion, defendant attached his own affidavit, attesting to counsel's failure to provide him with various pieces of evidence and describing a conversation in which he told counsel his theories about Banks's son. However, defendant's request for a remand was denied and, because defendant's affidavit is not part of the lower court record, we need not consider it at this time. See *People v Horn*, 279 Mich App 31, 38; 755 NW2d 212 (2008); *People v Watkins*, 247 Mich App 14, 31; 634 NW2d 370 (2001).

Moreover, even if we were to consider defendant's affidavit, he cannot establish his ineffective assistance claim based on his attestations in that document. First, although defendant indicates that he told counsel his suspicions regarding Banks's son, he has not made an offer of proof from his attorney, Banks, or Banks's son to establish what efforts, or lack thereof, were made by his attorney to investigate this lead. Cf. *Carbin*, 463 Mich at 601. Consequently, even considering defendant's affidavit, he has not established the factual predicate of his claim and he has not overcome the presumption that counsel provided effective assistance. Second, it is clear that defendant has failed to make a showing of prejudice. Defendant in fact makes no effort on appeal to explain how counsel's purported failures could be construed to have affected the outcome of the proceeding. And, in contrast to defendant's threadbare allegations against Banks's son, the evidence of defendant's guilt is overwhelming. Shortly after the robbery, police followed fresh footprints from the gas station to Banks's home where they found defendant hiding in a closet. The cash from the robbery was found in the room where defendant was hiding, defendant was bundled up in several layers of clothing, including a green jacket consistent with that worn by the gas station robber, and defendant obliquely admitted his knowledge of the gun used in the robbery when he told police that "the gun is not in the house." Given this considerable evidence of defendant's guilt, we cannot conclude that further investigation or additional pre-trial preparation by counsel in the manner proposed by defendant would have been reasonably likely to affect the outcome of the proceedings. Thus, defendant has not shown that he was denied the effective assistance of counsel.

In a related argument, defendant also argues on appeal that counsel was ineffective for failing to call any supporting witnesses at trial. Specifically, defendant claims counsel should have called (1) an "internet expert" to locate photographs on Facebook that depicted Banks's son holding guns, (2) a medical expert to testify that defendant could not have travelled the distance from the gas station to Banks's house due to defendant's previous gunshot wound and his restless leg syndrome, (3) Banks's son to question him about his activities the night of the

robbery as well as, more generally, his possession of guns, (4) defendant's brother to testify that he dropped defendant at Banks's home at 11:30 p.m. that evening, and (5) Banks's cousin to undermine Banks's claim that she was only minimally acquainted with defendant when in fact her cousin would testify that Banks had known defendant since 1994.

Initially we note that defendant has failed to establish the factual predicate of his claim in relation to these witnesses that defendant now claims counsel should have called. First, there is absolutely no indication in the lower court record, or even in the materials supporting defendant's motion for remand, that an internet expert could have uncovered photographs of Banks's son on Facebook or that a medical expert would have testified in defendant's favor if called. Absent some offer of proof regarding how such experts might have testified, defendant has not meant his burden of establishing the factual predicate of his claim. Cf. *People v Ackerman*, 257 Mich App 434, 455; 669 NW2d 818 (2003). Second, there is likewise a lack of evidence to establish how Banks's son would have testified if called, meaning defendant has not shown that such testimony would have been favorable to defendant or that its omission deprived defendant of a substantial defense. See *Russell*, 297 Mich App at 716. Finally, with respect to Banks's cousin and defendant's brother, there is no record support for the testimony defendant now claims they would have provided. It is true that defendant submitted affidavits from these individuals in relation to his untimely motion for a remand, but such documents are not properly before us on appeal because they are not part of the lower court record. See *Horn*, 279 Mich App at 38; *Watkins*, 247 Mich App at 31.

In any event, even considering the affidavits produced by defendant on appeal, it is clear that defendant cannot establish that he was prejudiced by counsel's failure to call the various witnesses he now mentions on appeal. As noted, there is no evidence that testimony from an internet expert, a medical expert, or Banks's son would have favored defendant, meaning that defendant has not shown a reasonably probability that, but for counsel's failure to call these witnesses, the result of the proceedings would have been different. Cf. *Ackerman*, 257 Mich App at 455-456. With respect to testimony from defendant's brother, he was not a witness to the robbery itself and his claim to have dropped defendant at Banks's house at 11:30 does not provide defendant with any sort of alibi for the robbery at 2:00 a.m. Rather, this evidence would only further confirm that defendant was in relatively close proximity to the gas station on the night of the robbery. Accordingly, we cannot conclude that counsel's failure to present this testimony affected the outcome of the proceedings. With respect to testimony from Banks's cousin, it appears defendant believes she could have testified regarding the length and nature of Banks's relationship with defendant for the purpose of impeaching Banks's claim that she did not know defendant well. But, any testimony on this issue would likely have been inadmissible because it would have involved impeachment of a witness's credibility though the use of extrinsic evidence regarding a collateral issue, which is prohibited by MRE 608(b). See *People v Rosen*, 136 Mich App 745, 758; 358 NW2d 584 (1984). Further, given that the nature of defendant's relationship with Banks is a tangential issue which did not bear directly on defendant's guilt or innocence, we fail to see how testimony from Banks's cousin on this issue could have created a reasonable probability of a different outcome. Thus, defendant has not shown he was denied the effective assistance of counsel.

Next, defendant argues that trial counsel was ineffective with respect to his cross-examination of Banks. In particular, defendant asserts that counsel failed to challenge Banks's

credibility. Although defendant frames his argument in terms of counsel's cross-examination of Banks, he does not propose any questioning that defense counsel should have pursued or explain how such questioning would have created a reasonable probability of a different outcome. Instead, in support of this claim that counsel failed to challenge Banks's credibility, defendant rehashes his earlier arguments regarding testimony Banks's cousin might have provided with respect to defendant's relationship with Banks and defendant claims that he was naked when bitten by the police dog, a fact which defendant claims could have been proven with evidence showing the wound caused by the dog bite and DNA testing to establish that his blood was not on the green coat.

To the extent defendant argues this evidence should have been presented to discredit Banks, his arguments in this respect are without merit because these claims are not factually supported by the lower court record. See *Hoag*, 460 Mich at 6. Testimony from police officers at trial indicates that defendant was fully clothed, and in fact wearing several layers of clothing, when bitten by the dog during his apprehension in Banks's home. Even if we were to consider the materials defendant offers on appeal, defendant makes no offer of proof to support his claim that DNA testing of the coat would have been favorable to his defense or that he was unclothed when apprehended. Therefore, counsel cannot be considered ineffective for failing to introduce evidence on these issues. Further, as discussed *supra*, impeachment of Banks through the presentation of extrinsic evidence from her cousin regarding a collateral issue would have been improper under MRE 608(b). See *Rosen*, 136 Mich App at 758. And, given the overwhelming evidence presented at trial, impeachment of Banks on this collateral issue would not have created a reasonable probability of a different outcome. Moreover, we note that more generally, contrary to defendant's arguments on appeal, counsel did not fail to challenge Banks's credibility, but in fact specifically argued during closing that, among other shortcomings, Banks's claim to have let a near-stranger into her home at 2:00 in the morning was "suspicious." Additionally, counsel did cross-examine Banks, and defendant has not overcome the presumption that trial counsel exercised reasonable professional judgment in his decisions regarding how to question Banks. See *Davis*, 250 Mich App at 368. On the whole, defendant has not shown that counsel's treatment of Banks's testimony was unreasonable or that, but for counsel's failure, there was a reasonable probability of a different outcome. Thus, defendant has not shown that he was deprived of the effective assistance of counsel.

In his Standard 4 brief, defendant also argues that he received ineffective assistance of counsel. Defendant largely reiterates the same arguments raised in appellate counsel's brief, which we reject for the same reasons discussed *supra*. Defendant's additional arguments are without merit for the reasons discussed below.

As a preliminary matter, we note that defendant's reliance on *United States v Cronic*, 466 US 648; 104 S Ct 2039; 80 L Ed 2d 657 (1984) and related cases is misplaced. Defendant's case does not fit within the narrow category of cases in which prejudice is presumed as described in *Cronic*, 466 US 648. That is, contrary to defendant's argument on appeal, the record evinces that defense counsel investigated the case and subjected the prosecution's case to meaningful adversarial testing. Defendant's claims to the contrary, as detailed below, are premised on counsel's purported failures at specific points in the proceedings, and such claims are properly analyzed under *Strickland*, not *Cronic*. See *People v Frazier*, 478 Mich 231, 243-244 & n 10;

733 NW2d 713 (2007). Consequently, we review all of defendant's claims under the *Strickland* standard set forth *supra*.

First, defendant argues that trial counsel was ineffective for failing to give an opening statement. "[T]he waiver of an opening statement involves 'a subjective judgment on the part of trial counsel which can rarely, if ever, be the basis for a successful claim of ineffective assistance of counsel.' " *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009). Here, there is nothing in the record to overcome the presumption that counsel's decision not to give an opening statement was an exercise of sound trial strategy and there is no basis to conclude that counsel's failure to do so affected the outcome of the lower court proceedings. Cf. *id.*

Second, defendant argues that trial counsel failed to obtain and test various pieces of evidence. As noted, defense counsel made a detailed request for discovery, and the lower court record does not establish what evidence trial counsel actually obtained or failed to obtain. Thus, defendant has not established the factual predicate of his claim, *Hoag*, 460 Mich at 6, and he has not shown that counsel was objectively unreasonable for failing to obtain evidence. Regardless, defendant has not established that he was prejudiced by the alleged failures of counsel with respect to the various pieces of evidence identified in his brief. Defendant has not presented any information about what tests on the evidence would have shown or how the evidence or tests would support his defense. Further, trial counsel may have made the reasonable decision not to have the evidence tested to avoid creating any additional incriminating evidence against defendant. In fact, during closing arguments, trial counsel used the lack of testing to argue in defendant's favor, highlighting that the prosecution did not provide any evidence that the footprints matched defendant's shoes, that there was no fingerprint evidence tying defendant to the robbery, and that the green jacket, if worn by defendant, would have had puncture holes in it from a dog bite. On this record, defendant failed to overcome the presumption that trial counsel's decision to forego testing of items was sound trial strategy. *Davis*, 250 Mich App at 368.

Third, in his Standard 4 brief, defendant argues that trial counsel failed to cross-examine witnesses with respect to the color of the jacket defendant wore the night of the robbery in light of testimony at the preliminary examination that defendant wore a brown jacket that evening. Contrary to defendant's claim, more fully, at the preliminary examination, there was testimony that defendant's jacket was reversible and one side was dark green—which was the same "color and design of the jacket that was visible from the video surveillance." Trial counsel may not have wanted to highlight this fact. Defendant has not overcome the presumption that this decision was sound trial strategy. *Davis*, 250 Mich App at 368. Defendant also asserts various other problems with the cross-examination conducted by defense counsel in relation to the green coat, which we have reviewed and which are not supported by the record. Defense counsel in fact questioned witnesses about the coat, meaning that there is no factual predicate for these claims. *Hoag*, 460 Mich at 6. Defendant has not overcome the presumption that counsel's questioning of witnesses was a matter of trial strategy. See *Davis*, 250 Mich App at 368.

Fourth, defendant also argues that trial counsel failed to offer the defense that none of the evidence from the robbery was found on defendant. However, this point was clear from the testimony. The record plainly demonstrated that the money and gun were found inside the box

spring, and there was no contention that the items were found on defendant. Trial counsel's decision not to raise or dispute an obvious point was a matter of trial strategy. See *id.*

In sum, defendant has not demonstrated that counsel's performance was deficient or that, but for counsel's errors, there was a reasonable probability of a different outcome. Consequently, defendant has not established his ineffective assistance of counsel claim. See *Douglas*, 496 Mich at 592.

Affirmed.

/s/ Michael F. Gadola
/s/ Joel P. Hoekstra
/s/ Michael J. Kelly