Per Curiam.
 

 Defendant appeals by leave granted from his conviction of first-degree criminal sexual conduct, MCL 750.520b(l)(a); MSA 28.788(l)(a), for oral sexual penetration of a seven-year-old girl. He was sentenced to twenty-five to fifty years’ imprison
 
 *75
 
 ment. We affirm defendant’s conviction, reverse his sentence, and remand for resentencing.
 

 On November 11, 1994, defendant, Jerry W. Rockey, and Ruth Rockey, his wife, were visiting the victim’s family when Mrs. Rockey had to leave the home because of a hospital appointment. The victim’s mother offered to take her to the hospital because defendant’s car would not start. The victim’s mother was gone for approximately forty-five minutes. While the mother and defendant’s wife were away, defendant was in the victim’s home with the victim, her sister, and her stepbrother.
 

 The victim testified that while she was sitting with defendant on the living room couch, defendant pushed her head toward his genitals and put his penis inside her mouth. After this incident, the victim’s mother returned home and reminded defendant to pick his wife up at the hospital. When he left, the victim came to her mother and was visibly upset.
 

 The victim’s mother testified that her daughter was scared and told her something bad had happened. Later that evening, the victim’s mother and ■ father spoke to her again after she had calmed down. At this point, the victim described what defendant had done to her,
 

 The victim’s stepbrother testified that after defendant told him and the victim’s sister to go to their bedroom, they left the bedroom on two occasions to get something to drink. He stated that the victim was sitting on defendant’s lap. When they left the bedroom a third time, defendant yelled at them to return or go outside. Approximately ten to fifteen minutes later, the victim came running toward them while crying.
 
 *76
 
 The stepbrother said the victim told both of them what had happened.
 

 Defendant first argues that the trial court abused its discretion in denying his motion for a new trial, a motion based in part on a claim of ineffective assistance of counsel. Defendant contends that his attorney failed to call any witnesses at trial although she was aware of at least three witnesses, Ruth Rockey, Kim Ledyard, and Betty Durfee, who defendant claims would have provided testimony affecting the victim’s credibility. Defendant further contends that his attorney failed to thoroughly investigate and examine the victim’s past medical problems and learning disabilities, claiming that such conditions may have precluded the victim from accurately recalling and describing events.
 

 Effective assistance of counsel is presumed. The defendant bears a heavy burden of proving otherwise.
 
 People v Eloby (After
 
 Remand), 215 Mich App 472, 476; 547 NW2d 48 (1996). In reviewing a defendant’s claim of ineffective assistance of counsel, the reviewing court is to determine (1) whether counsel’s performance was objectively unreasonable and (2) whether the defendant was prejudiced by counsel’s defective performance.
 
 People v Mitchell,
 
 454 Mich 145, 164; 560 NW2d 600 (1997). Defense counsel’s performance must be measured against an objective standard of reasonableness.
 
 People v LaVeam,
 
 448 Mich 207, 216; 528 NW2d 721 (1995). Decisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy.
 
 Mitchell, supra
 
 at 163. This Court will not substitute its judgment for that of counsel regarding matters of trial strategy, nor will it assess
 
 *77
 
 counsel’s competence with the benefit of hindsight.
 
 People v Barnett,
 
 163 Mich App 331, 338; 414 NW2d 378 (1987). Finally, in making the testimonial record necessary to support a claim of ineffective assistance of counsel, the testimony of trial counsel is essential.
 
 Mitchell, supra
 
 at 168-169. The absence of such testimony limits this Court’s review to what is contained in the record.
 
 People v Darden,
 
 230 Mich App 597, 604; 585 NW2d 27 (1998).
 

 Defendant has failed to overcome the heavy burden of proving that he received ineffective assistance of counsel. Moreover, defendant failed to elicit any testimony from his attorney regarding his claims of ineffective assistance of counsel. The trial court implicitly found that defense counsel’s decision not to call witnesses was trial strategy and explicitly found that defense counsel had performed competently in her representation of defendant at trial. The record demonstrates that defense counsel was aware of Ledyard and Durfee; counsel listed them as defense witnesses before trial. Moreover, defense counsel introduced Ledyard and Mrs. Rockey as possible witnesses during her opening statement. Presumably, defense counsel had interviewed these individuals and was aware of their potential testimony. The record does not demonstrate that defense counsel’s performance was unreasonable and her judgment in not calling these witnesses at trial will not be substituted with the judgment of this Court. Regarding defendant’s claim that his attorney failed to pursue the victim’s past medical problems and learning disability, the jury was made aware of the victim’s problems through the trial testimony of the victim’s father. The victim had already testified before her father took the stand. The
 
 *78
 
 trial court noted that the victim appeared to be a very credible witness. Defense counsel's decision not to pursue further inquiry into the victim’s medical problems and learning disability may very well have been strategic in nature and, in light of the existing record, cannot be deemed objectively unreasonable.
 

 Defendant also based his motion for a new trial on the argument that the victim’s father, who acted as her support person while testifying, influenced the victim’s testimony to such a degree that defendant was denied a fair trial. A “witness” who is called on to testify is permitted to have a support person sit with, accompany, or be in proximity to the witness during the witness’ testimony. MCL 600.2163a(4); MSA 27A.2163(1)(4). A “witness” under this statute at the time of the defendant’s trial refers to a person under the age of fifteen. MCL 600.2163a(l)(b)(£); MSA 27A.2163(l)(b)(i). At trial, the victim sat on her father’s lap throughout her testimony. Defendant contends that the victim’s father could have influenced her testimony by using hand, leg, or other gestures or forms of communication. In denying defendant’s motion for a new trial, the trial court’s statement regarding this contention is informative:
 

 The father who sat with the victim sat there like a statue. I recall that distinctly. He could have, perhaps, been making signals requiring no physical movement, but, again, that’s total speculation.
 

 Defendant’s claim of improper influence by the victim’s support person is not supported by the record and we find no basis for relief on this ground.
 

 Defendant next argues that the trial court abused its discretion in sentencing him to twenty-five to fifty
 
 *79
 
 years’ imprisonment.
 
 [1]
 
 We agree. A sentence must be proportionate.
 
 People v St John,
 
 230 Mich App 644, 649; 585 NW2d 849 (1998). A sentencing court abuses its discretion when it violates the principle of proportionality. A sentence must be proportionate to the seriousness of the crime and the defendant’s prior record.
 
 People v Milboum,
 
 435 Mich 630, 635-636, 654; 461 NW2d 1 (1990);
 
 People v Paquette,
 
 214 Mich App 336, 344-345; 543 NW2d 342 (1995). The key test of proportionality is not whether the sentence departs from or adheres to the recommended ranges, but whether it reflects the seriousness of the matter.
 
 People v Houston,
 
 448 Mich 312, 320; 532 NW2d 508 (1995). The trial court’s discretion in imposing a sentence is broad so as to tailor each sentence to the circumstances of the offense and the offender.
 
 Milboum, supra
 
 at 635-636. Although departures are permitted, they are suspect and subject to careful scrutiny on appeal.
 
 Id.
 
 at 656-657. Further, a deviation from the guidelines range may be based on factors already considered in the guidelines calculations but such a deviation must be made with caution.
 
 Id.
 
 at 660, n 27.
 

 In order to facilitate appellate review, the sentencing court must articulate its reasons for departing from the guidelines range both on the record at sentencing and in the sentencing information report. MCR 6.425(D)(1) and (2)(e);
 
 People v Fleming,
 
 428 Mich 408, 428; 410 NW2d 266 (1987). The court stated:
 

 
 *80
 
 It appears to the Court that where you have two offenses involving, both of them involving very young girls by the same offender over a relatively short period of time, that we don’t need to wait for a third or fourth conviction to conclude that there’s a pattern of pedophilic-type abuse of those children—were motivations, in any event—and that [sic] that’s a substantial risk to society which the current offense variables don’t appear to weight [sic], in my view, appropriately. So I do intend to see [sic] the guidelines as recommended by the department, and it’s based on all of the factors contained in the pre-sentence report, the background, the facts of this offense, the previous offense, the age of the offender, the age disparity between the offender and the victim—that of 43 years of age versus [a child under] 13—the fact that this is not an isolated incident, and society does need to be protected.
 

 The court relied on a presentence investigation report (PSIR) by investigating agent Chester Krupiarz. This report far exceeds the proofs adduced at the jury trial and graphically described acts of cunnilingus and fellatio between defendant and the victim far and away beyond anything charged against defendant or proved at trial.
 

 It is beyond peradventure that the trial court relied on this Department of Corrections recommendation and in response to a challenge by defense counsel stated, “It is stated as an observation of Mr. Krupiarz who prepared the report, and he’s basing that on the investigator’s description of the offense and on the defendant’s record. So, there is [sic] grounds to support his observations in here.” Defendant challenged the PSIR statement that there was more than one incident with defendant and the victim. This was the anonymous investigator’s opinion relied on by the probation officer, Mr. Krupiarz, that found its way
 
 *81
 
 into the trial court’s expressed rationale for exceeding the guidelines.
 
 [2]
 

 There is nothing in the court’s statement, quoted above, that was not factored into the sentence recommended by the guidelines except the age of the defendant. There is no discernible basis for such a Draconian departure except for the unsupported details injected in the investigator’s recounting of the events. Unnamed “investigators” are not witnesses. Therefore, we conclude that the trial court abused its discretion in departing upward from the sentencing guidelines.
 

 Affirmed in part, reversed in part, and remanded. We do not retain jurisdiction.
 

 [1]
 

 The sentencing guidelines recommended a sentence of eight to fifteen years’ imprisonment.
 

 [2]
 

 Further, we note the laconic investigating agent gave his recommendation in a two-line paragraph, “It is respectfully recommended that Your Honor sentence Mr. Rockey to the Michigan Department of Corrections for not less than 25 years nor more than 50 years, with credit for 145 days previously served.”