# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DANIEL DERSEL MYERS,

        Defendant-Appellant.

UNPUBLISHED
April 19, 2016

No. 323943
St. Clair Circuit Court
LC No. 14-001001-FC

Before: O'CONNELL, P.J., and MARKEY and O'BRIEN, JJ.

PER CURIAM.

Defendant, Daniel Dersel Myers, was convicted by a jury of armed robbery, MCL 750.529, first-degree home invasion, MCL 750.110a(2), felon in possession of a firearm, MCL 750.224f, and possession of a firearm during the commission of a felony (felony firearm), MCL 750.227b, and was sentenced as a fourth-offense habitual offender, MCL 769.12, to 25 to 75 years' imprisonment for the armed robbery and home invasion convictions, two to 75 years' imprisonment for the felon in possession conviction, and two years' imprisonment for the felony firearm conviction. We affirm defendant's convictions but remand for further proceedings as it relates to defendant's sentence.

Late in the evening on March 20, 2014, an intruder kicked down the door of a hotel room at the Days Inn in Port Huron, Michigan, armed with an AK-47. Elizabeth Hogan, Hogan's daughter, Tracey Griffin, and Alexander Martin were staying in that hotel room. When the intruder entered the room, he ordered the occupants to the ground, pointed the firearm at Griffin, and demanded that she fill Hogan's daughter's backpack with various items in the room: a Playstation Four, two Playstation controllers, two Playstation video games, three cell phones, and $30 in cash. After retrieving the backpack, the intruder threatened to kill the four occupants if they called the police. Once he fled from the room, the four occupants contacted the hotel's front desk, and law enforcement was contacted.

After the incident, Hogan asked a friend, April Freeman, to help her identify the intruder. Freeman and Hogan reviewed Freeman's Facebook friends' photographs as well as other individuals' Facebook photographs, and Hogan immediately identified defendant as the intruder. Hogan then informed law enforcement of defendant's identity. Two police officers subsequently visited the home of defendant's mother, Pamela Grimmet. After obtaining Grimmet's consent, the officers searched the home and located the stolen Playstation Four and Playstation video

games. Grimmet indicated to the officers that that defendant had sold her the stolen items for $100 on the day after the break-in. Grimmet acknowledged knowing that the items were stolen. A subsequent search of Grimmet's home uncovered the stolen backpack and Playstation controllers.

The police officers also visited the home of defendant's ex-girlfriend, Nicole Lozano, in an attempt to apprehend defendant. Lozano testified at trial that defendant admitted committing the robbery described above to her. She also recalled defendant bringing an AK-47 and the Playstation Four to her home. The officers additionally visited the home of the mother of defendant's child, Amber Grant, where they found a cell phone matching the description of one of the three cell phones that were stolen on March 20. Approximately two weeks after the break-in, law enforcement received a tip that defendant was at a hotel in Detroit, Michigan. When they observed defendant leaving the hotel, they identified themselves and ordered defendant to stop. In response, defendant hesitated, looked at the officers, and attempted to run away. He was eventually tasered and apprehended. Defendant was charged, convicted, and sentenced as described above. This appeal followed.

On appeal, defendant first argues that reversal of his convictions is required because he was deprived of his constitutional right to confront the witnesses against him when the trial court permitted a police officer to testify regarding what Grimmet told him. Relatedly, defendant argues that his trial counsel's assistance was ineffective because he failed to object to this testimony. Because these arguments are raised for the first time on appeal, they are each unpreserved for appellate review. *People v Buie*, 285 Mich App 401, 407; 775 NW2d 817 (2009). Thus, they are reviewed for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Also, because defendant failed to properly preserve his ineffective-assistance claim, our review is limited to mistakes apparent on the record. *People v Barclay*, 208 Mich App 670, 672; 528 NW2d 842 (1995).

Defendant does not dispute that this testimony was admissible under the Michigan Rules of Evidence. See MRE 804(b)(3). Instead, he argues that its admission violated his constitutional right to confront the witnesses against him. US Const, Am VI; *Crawford v Washington*, 541 US 36, 42; 124 S Ct 1354; 158 L Ed 2d 177 (2004). Under the confrontation clause, "[t]estimonial statements of witnesses absent from trial [are admissible] only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." *Crawford*, 541 US at 59. Here, while the record reflects that the declarant, Gimmet, was unavailable, it also reflects that defendant had not had a prior opportunity to cross-examine her. Consequently, the admission of this testimony violated defendant's confrontation rights.

Reversal, however, is not required because defendant cannot prove that he was prejudiced by the admission of this testimony. That is, he cannot prove "that the error affected the outcome of the lower court proceedings." *Carines*, 460 Mich at 763. While the police officer's testimony regarding Grimmet's statements appears harmful, the additional evidence of defendant's guilt was overwhelming. Hogan, Griffin, and Martin, all of which were eyewitnesses to the crime, identified defendant as the suspect who broke into their hotel room and stole the belongings at gunpoint. The stolen belongings were eventually recovered from the homes of Grimmet and Grant, two individuals who were closely connected with defendant. In addition, according to Lozano, defendant admitted stealing belongings from the Days Inn in Port Huron. Thus, it

cannot be said that the admission of Frazier's testimony regarding Grimmet's statements affected the outcome of the lower court proceedings.

For the same reason, defendant's ineffective-assistance argument fails as well. To prevail on an ineffective-assistance claim, "a defendant must show that counsel's performance fell below an objective standard of reasonableness, and that the representation so prejudiced the defendant as to deprive him of a fair trial." *People v Pickens*, 446 Mich 298, 303; 521 NW2d 797 (1994); see also *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984). While, in light of our conclusion above, counsel's failure to object to testimony presented in violation of defendant's confrontation rights arguably fell below an objective standard of reasonableness, he has not demonstrated that he was "so prejudiced . . . as to deprive him of a fair trial." *Id*. In order to satisfy that prejudice prong, "a court must conclude that there is 'a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt.' " *Id*. at 312, quoting *Strickland*, 466 US at 695. Defendant simply cannot do so in light of the additional evidence discussed above.

Defendant next challenges the trial court's scoring of offense variables (OVs) 4 and 19. Specifically, he argues that he is entitled to resentencing under *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). This issue is unpreserved and, thus, reviewed for plain error. *Lockridge*, 498 Mich at 397. In *Lockridge*, our Supreme Court held that Michigan's sentencing guidelines are unconstitutional to the extent that they require judicial fact-finding beyond facts that are admitted by a defendant or found by a jury. *Id*. at 364. Accordingly, it explained, plain error exists when the facts admitted by a defendant or found by a jury are insufficient "to assess the minimum number of OV points necessary for the defendant's score to fall in the cell of the sentencing grid under which he or she was sentenced." *Id*. at 394. When plain error exists, a remand to the trial court for a hearing pursuant to *United States v Crosby*, 397 F3d 103, 117-118 (CA 2, 2005), is required to allow the trial court to determine whether, in light of the advisory nature of the sentencing guidelines, it would have imposed a materially different sentence. *Id*. at 396-397. If so, resentencing is required. *Id*. Here, the trial court scored, at a minimum, OV 4 based on conduct that was not admitted by defendant or found by a jury. Thus, we remand this matter for a *Crosby* hearing under *Lockridge*. On remand, pursuant to *People v Stokes*, ___ Mich App ___, ___; ___ NW2d ___ (2015); slip op at 11-12, defendant is provided with an opportunity to avoid resentencing by promptly notifying the trial court that resentencing will not be sought. In light of this conclusion, it is unnecessary for us to specifically address whether the trial court correctly scored OVs 4 or 19 under pre-*Lockridge* standards.

In his brief filed pursuant to Supreme Court Administrative Order No. 2004-6, Standard 4, defendant also raises several arguments challenging his convictions. First, he argues that trial counsel provided ineffective assistance when he failed to object to the prosecution's introduction of a photograph of a coat during trial. He argues that trial counsel also provided ineffective assistance when he violated MCR 6.201. Based on these shortcomings, defendant argues, the trial court erred in failing to declare a mistrial. We disagree.

As stated above, "a defendant must show that counsel's performance fell below an objective standard of reasonableness, and that the representation so prejudiced the defendant as to deprive him of a fair trial" to prevail on an ineffective-assistance claim. *Pickens*, 446 Mich at 338. Defendant argues that trial counsel's failure to object to the admission of a photograph of a

coat found at Grimmet's home constituted ineffective assistance. Rather than object to the admission of that photograph, trial counsel apparently elected to introduce the coat itself during cross-examination of a police officer without disclosing that intention to the trial court or the prosecution. Recognizing that trial counsel's attempt to admit a coat without informing the trial court or prosecution constituted a violation of its instructions and applicable court rules, the trial court excluded the coat pursuant to MCR 6.201(A)(6). While we agree that counsel's performance, i.e., choosing to violate the trial court's instructions and applicable court rules, constituted objectively unreasonable performance, we, again, conclude that he has not satisfied the prejudice prong of the ineffective-assistance inquiry. As stated above, there was a wealth of evidence supporting defendant's guilt, and, in light of this evidence, it cannot be said that there is " 'a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt.' " *Pickens*, 446 Mich at 312, quoting *Strickland*, 466 US at 695.

Defendant also argues that the trial court erred in excluding the coat and imposing sanctions rather than granting a mistrial for trial counsel's performance discussed above. This issue is reviewed for plain error affecting substantial rights because it is also unpreserved. *Carines*, 460 Mich at 763. "Trial courts have the discretion to fashion an appropriate remedy for a discovery violation." *People v Rose*, 289 Mich App 499, 525; 808 NW2d 301 (2010). "The exercise of that discretion involves a balancing of the interests of the courts, the public, and the parties." *Id*. Here, the trial court did not plainly err in failing to declare a mistrial. The trial court correctly weighed the various interests at issue, including, for example, the fact that this occurred on the third day of a three-day jury trial. Ultimately, while it expressly considered various sanctions including a mistrial, it determined that sanctions and the exclusion of evidence, not a mistrial, was appropriate under the circumstances. While defendant claims on appeal that it was in his best interests to declare a mistrial, that is not the appropriate inquiry and is unsupported by the record.

Defendant additionally argues that he was deprived of his constitutional right to a fair trial under *Brady v Maryland*, 373 US 83; 83 S Ct 1194; 10 L Ed 2d 215 (1963), when the prosecution failed to turnover surveillance video recordings from the Days Inn. Relatedly, he also claims that trial counsel's failure to compel the prosecution to do so constituted ineffective assistance. We disagree in both respects. "[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 US at 87. Thus, to establish a *Brady* violation, three requirements must be satisfied: (1) the prosecution must have suppressed the evidence, (2) the suppressed evidence must have been favorable to the accused, and (3) the suppressed evidence must have been material. *People v Chenault*, 495 Mich 142, 150; 845 NW2d 731 (2014). Relatedly, MCR 6.201(B)(1) requires the disclosure, upon request, of "any exculpatory information or evidence known to the prosecuting attorney[.]"

Here, we conclude that each of these requirements has not been satisfied. There is nothing in the record to suggest that the prosecution suppressed the surveillance video recordings. While a Days Inn desk clerk testified that she believed the recordings were provided to law enforcement, her boss testified that the desk clerk would not have had access to or knowledge of whether the recordings were provided to law enforcement. Additionally, to the extent the testimony of one contradicted the other, that credibility determination was for the jury,

-4-

not this Court, to decide. *People v Milstead*, 250 Mich App 391, 404; 648 NW2d 648 (2002) ("[T]he issue of credibility is for the jury to decide and we will not resolve credibility issues anew on appeal."). Furthermore, there is nothing in the record to support defendant's claim that the recordings included favorable evidence. He merely hypothesizes that the recordings could prove he was not the suspect, but, as discussed above, a substantial amount of evidence indicates otherwise. For similar reasons, the record does not support a conclusion that the recordings were material. "To establish materiality, a defendant must show that there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Chenault*, 495 Mich at 150 (citation and internal quotation marks omitted). Defendant simply claims that this is true, but we reject that claim in light of the Days Inn employees' testimony as well as the remaining evidence of defendant's guilt.

As indicated above, defendant also raises the related argument that trial counsel was ineffective in failing to either compel the prosecution to produce these recordings or in failing to obtain them himself. As noted above, "a defendant must show that counsel's performance fell below an objective standard of reasonableness, and that the representation so prejudiced the defendant as to deprive him of a fair trial." *Pickens*, 446 Mich at 338. While trial counsel's failure to obtain and introduce these recordings is arguably a matter of trial strategy, *People Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999) (citations omitted) ("Decisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy. This Court will not substitute its judgment for that of counsel regarding matters of trial strategy."), defendant has nevertheless failed to demonstrate that he was prejudiced by the alleged error for the reasons described above.

Affirmed but remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Peter D. O'Connell
/s/ Jane E. Markey
/s/ Colleen A. O'Brien