# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

   Plaintiff-Appellee,

v

FELIX VASQUEZ,

   Defendant-Appellant.

UNPUBLISHED
May 10, 2016

No. 325778
Wayne Circuit Court
LC No. 14-007273-FC

---

Before: BOONSTRA, P.J., and METER and BECKERING, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial convictions of six counts of first-degree criminal sexual conduct (CSC I), MCL 750.520b(1)(a) (person under 13 years of age), and one count of second-degree criminal sexual conduct (CSC II), MCL 750.520c(1)(a) (person under 13 years of age). Defendant was sentenced to 40 to 60 years' imprisonment for each CSC I conviction and 10 to 15 years' imprisonment for the CSC II conviction. We affirm defendant's convictions, but remand this case to the trial court for further sentencing proceedings consistent with this opinion.

This case arose from defendant's sexual assaults of AM and AF when they were both under 13 years of age. The sexual assaults took place from approximately 2008 to 2011.

## I. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that defense counsel was ineffective for failing to call his niece and daughter as witnesses and for failing to request Michigan Criminal Jury Instruction 20.28a. We disagree.

"A defendant's claim of ineffective assistance of counsel is a mixed question of fact and constitutional law." *People v Lane*, 308 Mich App 38, 67; 862 NW2d 446 (2014) (citation and quotation marks omitted). "Generally, this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of law." *Id*. at 67-68. "When the trial court has not conducted a hearing to determine whether a defendant's counsel was ineffective, our review is

-1-

limited to mistakes apparent from the record." *Id.* at 68. The lower court record does not indicate that a hearing was conducted to evaluate defendant's claims, and furthermore, a new trial was not held.[1] Accordingly, review is limited to mistakes apparent from the record.

To succeed on a claim of ineffective assistance of counsel, a defendant must show first that "counsel's representation fell below an objective standard of reasonableness," and second, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v Washington*, 466 US 668, 688, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984). In determining whether *Strickland*'s two-part test is met, the reviewing court must be mindful that "[d]efense counsel should be strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012) (citation and quotation marks omitted). "The defendant must . . . overcome the presumption that the challenged action might be considered sound trial strategy." *People v Brown*, 279 Mich App 116, 140; 755 NW2d 664 (2008) (citations and quotation marks omitted). Counsel's decision to not call a witness is presumed to be a part of trial strategy, and "[t]his Court will not substitute its judgment for that of counsel regarding matters of trial strategy . . . ." *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999). Moreover, the defendant bears the burden of establishing the factual predicate for his ineffective assistance claim:

> A convicted person who attacks the adequacy of the representation he received at his trial must prove his claim. To the extent his claim depends on facts not of record, it is incumbent on him to make a testimonial record at the trial court level in connection with a motion for a new trial which evidentially supports his claim and which excludes hypotheses consistent with the view that his trial lawyer represented him adequately. [*People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999) (citation and quotation marks omitted).]

Defense counsel was not ineffective for failing to call defendant's niece and daughter to testify on his behalf. First, the record does not indicate what the two witnesses would have said. Although defendant claims that they would have testified that defendant was never alone with AF and AM, this fact was not introduced in the record. It was only mentioned in an appendix to defendant's motion to remand filed with this Court—a motion that this Court denied.[2] Because defendant has not set forth any proof that his witnesses would have testified favorably, there is no real claim to consider here. See *People v Eccles*, 260 Mich App 379, 384 n 4; 677 NW2d 76 (2004) (noting that, in accordance with MCR 7.210(A)(1), the "record" only consists of those items produced below, in the trial court). There is no mistake apparent on the record because the record is devoid of what the witnesses would have said.

---

[1] This Court denied defendant's request for a remand, a decision that we decline to revisit. *People v Vasquez*, unpublished order of the Court of Appeals, entered August 14, 2015 (Docket No. 325778).

[2] In the appendix, defendant and his counsel alleged what the proposed witnesses would have said, but no affidavits from the witnesses themselves were introduced.

Even assuming that defendant did provide evidence in the record that his two witnesses would have testified favorably for him, we cannot conclude that defense counsel's failure to call the two witnesses was ineffective assistance. First, the decision to call witnesses is presumed to be trial strategy, and defense counsel could have reasonably believed that calling two witnesses who would have said that defendant was "never" alone with AM and AF would be unhelpful. Indeed, the witnesses' alleged testimony—that defendant was "never" alone with the victims—might have appeared to the jurors to be an overblown or incredulous claim, considering that defendant's conduct spanned a prolonged period of years. Second, even assuming that defense counsel made an error by not calling the witnesses, we are not convinced that the error was outcome-determinative. The jurors heard from three witnesses who all testified that defendant had sexually assaulted them. The jurors then heard from defendant, who flatly denied having sexually assaulted any of them. The jurors clearly and flatly rejected the credibility of defendant's denials, and the nebulous testimony of the two witnesses related to defendant would likely not have helped in this case.

We further hold that defense counsel was not ineffective for failing to request Michigan Criminal Jury Instruction 20.28a.[3] First, defense counsel's failure to request the instruction did not fall below an objective standard of reasonableness, considering that it could have been trial strategy. Defense counsel might have thought that an instruction would unnecessarily highlight the "other-acts" testimony of witness MG. Second, even assuming that defense counsel's performance was error, it was not outcome-determinative. In light of all the evidence presented, the record does not support the conclusion that the outcome of the proceeding would have been different had the instruction been given, especially because the instruction explicitly allowed for the jurors, if they found MG credible, to consider the other-acts testimony in deciding whether defendant committed the charged crimes. See MCL 768.27a.

---

[3] The jury instruction provides:

(1) The prosecution has introduced evidence of claimed acts of sexual misconduct by the defendant with [a minor / minors] for which [he / she] is not on trial.

(2) Before you may consider such alleged acts as evidence against the defendant, you must first find that the defendant actually committed those acts.

(3) If you find that the defendant did commit those acts, you may consider them in deciding if the defendant committed the [offense / offenses] for which [he / she] is now on trial.

(4) You must not convict the defendant here solely because you think [he / she] is guilty of other bad conduct. The evidence must convince you beyond a reasonable doubt that the defendant committed the alleged crime, or you must find [him / her] not guilty. [M Crim JI 20.28a.]

## II. SENTENCING ERROR

Defendant argues that the trial court erred when it imposed an upward departure sentence without articulating substantial and compelling reasons for doing so.

The Michigan Supreme Court, in *People v Lockridge*, 498 Mich 358, 391-392; 870 NW2d 502 (2015), held that a trial court is not required to articulate substantial and compelling reasons for imposing a departure sentence and that a reviewing court is to review a departure sentence for "reasonableness." The *Lockridge* Court did not explicitly define "reasonableness," but this Court, in *People v Steanhouse*, ___ Mich App ___; ___ NW2d ___ (2015) (Docket No. 318329); slip op at 24, held that "a sentence that fulfills the principle of proportionality under *Milbourn*[4] and its progeny constitutes a reasonable sentence under *Lockridge*." (Footnote added). Under the proportionality standard, relevant factors include "the seriousness of the offense, . . . factors not considered by the guidelines, such as the relationship between the victim and the aggressor, . . . and . . . factors that were inadequately considered by the guidelines in a particular case . . . ." *Id*. Moreover, the *Steanhouse* Court held that cases involving departure sentences are, in certain circumstances, to be remanded to the trial court through *Crosby*[5] remands. *Id*. at 25. This Court held that "[w]hile the *Lockridge* Court did not explicitly hold that the *Crosby* procedure applies under the circumstances of this case, we conclude this is the proper remedy, where, as here, the trial court was unaware of and not expressly bound by a reasonableness standard rooted in the *Milbourn* principle of proportionality at the time of sentencing." *Id*.

Pursuant to *Steanhouse*, a *Crosby* remand is required here. *Id*. There was a departure sentence, because the CSC I sentence of 40 to 60 years' imprisonment for each CSC I conviction "exceeded both the applicable guidelines minimum sentence range and the . . . [statutory] mandatory minimum." *People v Wilcox*, 486 Mich 60, 73; 781 NW2d 784 (2010). The present case must be remanded to the trial court for further proceedings. *Steanhouse*, ___ Mich App at ___; slip op at 25.

We affirm defendant's convictions, but remand this case to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Patrick M. Meter
/s/ Jane M. Beckering

---

[4] *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990).

[5] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).