# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

SAMMY JOSEPH HALL,

        Defendant-Appellant.

UNPUBLISHED
October 10, 2017

No. 332598
Oakland Circuit Court
LC No. 2015-254520-FC

Before: SAAD, P.J., and CAVANAGH and CAMERON, JJ.

PER CURIAM.

Defendant appeals as of right his jury convictions of first-degree premeditated murder, MCL 750.316, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. We affirm.

Defendant argues that he was denied the right to a fair trial because one of the jurors, Juror 2, knew that he was not allowed to perform independent research but still looked up information online and told other jury members that the gun used to murder the victim in this case was stolen from Georgia. Defendant argues that the jurors should not have gone forward to deliberations having "such inflammatory information infusing [their] minds," and that this information had an impact on the jurors' decision. However, during trial, defense counsel specifically agreed with the trial court's decision to remove Juror 2 and allow the rest of the jury to proceed to deliberation. Thus, any error was affirmatively waived, i.e., it was extinguished. See *People v Carter*, 462 Mich 206, 215-216; 612 NW2d 144 (2000).

Defendant also argues that he was denied the effective assistance of counsel because his attorney did not move for a mistrial based on the misconduct of Juror 2. We disagree. Because a *Ginther*[1] hearing was not conducted, defendant's claim of ineffective assistance of counsel is limited to errors apparent on the record.

To establish an ineffective assistance of counsel claim, a defendant must show that his counsel's performance fell below an objective standard of reasonableness and there is a

---

[1] *People v Ginther*, 390 Mich 436, 442-443; 212 NW2d 922 (1973).

reasonable probability that, but for counsel's error, the result would have been different. *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007). Counsel is presumed to have afforded effective assistance, and the defendant bears the heavy burden of proving otherwise. *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999).

Defense counsel has wide discretion regarding strategy at trial "because counsel may be required to take calculated risks to win a case." *People v Heft*, 299 Mich App 69, 83; 829 NW2d 266 (2012). This Court will not substitute its judgment for that of trial counsel concerning matters of trial strategy. *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009) (citation omitted). The fact that a trial strategy fails to work does not mean that its use constitutes ineffective assistance of counsel. *People v Petri*, 279 Mich App 407, 412; 760 NW2d 882 (2008). Rather, "[t]o show that defense counsel's performance was objectively unreasonable, the defendant must overcome the strong presumption that defense counsel's decisions constituted sound trial strategy." *Heft*, 299 Mich App at 83.

After each juror was questioned individually regarding whether they heard Juror 2's comment, and all responded that it would not affect their ability to render an impartial decision, defense counsel provided a full explanation of his decision not to move for a mistrial on the record:

> I think that in – in lieu of a motion for mistrial, based on the statements that these people made this afternoon, I'm confident that they were truthful, but I know also that juror number two is not truthful when he talked to this court.

> \* \* \*

> But I – I am saying that the balance of the people who answer the questions that were put to them this afternoon, that they were truthful and they've said that they could set things aside. And I've compared this to cases where there's high publicity pre-trial, and – and I asked questions along those lines about have you heard anything about this, and the bottom line question is always whether that information would have an impact on their ability to be fair, or, could they set that aside and base their decisions solely upon the evidence, and – and when a person answers in that way there's no reason not to accept them as a juror, and given the answers of these people I'm satisfied that we can go forward and I'm not making a motion for a mistrial.

> And I think that if there's any appellate review of this, if this comes up, I want to make it clear that I made a decision based with confidence on the truthful statements given by every juror but juror number two. But also, that his false statements informed my confidence in the others because they contradicted about – or what he had indicated – what he told the court, that he did hear about – or he learned about it long ago and he just happened to remember it, and these people have made it pretty clear that he looked it up contrary to the court's instruction on that Monday night.

> So, with all of that, I'm satisfied that we can move forward.

Defense counsel's decision not to move for a mistrial was a matter of sound trial strategy and defendant has not shown that counsel's performance fell below an objective standard of reasonableness. Defense counsel provided his reasoning on the record, concluding that the jury could proceed after Juror 2 was removed, and the rest of the jurors stated that hearing Juror 2's comments would not affect their ability to decide this case based only on the evidence presented. Both defense counsel and the prosecutor requested a special jury instruction that any statement by a juror was not evidence and should be disregarded and the trial court gave such instruction to the jury. A mistrial should only be granted when the prejudicial effect of an error cannot be cured another way, *People v Horn*, 279 Mich App 31, 36; 755 NW2d 212 (2008), and, here, the special jury instruction cured any error. See *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003). "As a general rule, juries are presumed to follow their instructions." *People v Mette*, 243 Mich App 318, 330-331; 621 NW2d 713 (2000). Thus, defendant has not established that his counsel's decision not to move for a mistrial fell below an objective standard of reasonableness and there is a reasonable probability that, but for the error, the result would have been different. See *Jordan*, 275 Mich App at 667.

Affirmed.

/s/ Henry William Saad
/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron