*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

TERRANCE LAMONT JORDAN, SR.,

       Defendant-Appellant.

UNPUBLISHED
July 30, 2020

No. 347093
Kalkaska Circuit Court
LC No. 18-004144-FC

Before: BORRELLO, P.J., and SAWYER and SERVITTO, JJ.

PER CURIAM.

Defendant was convicted by a jury of first-degree felony murder, MCL 750.316(1)(b), and armed robbery, MCL 750.529, and the trial court sentenced him to life imprisonment without the possibility of parole for the murder conviction and 285 months to 85 years' imprisonment for the armed robbery conviction, with the sentences to be served concurrently. Defendant now appeals as of right. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

Defendant's convictions stem from the robbery and shooting death of Broderick Ward. The testimony at trial reflected that shortly before the night of the shooting, defendant became associated with two individuals who sold drugs for Ward. At least one of these individuals did not feel fairly treated by Ward. There was further testimony indicating that defendant and his new associates confronted Ward, at which time Ward was robbed and shot to death. Defendant admitted to the police that he shot Ward, but he testified at trial that he had falsely confessed to the crime because he was scared of his new associates who had actually been responsible for the robbery and murder. He further testified at trial that he had been drugged and that he was not involved in the killing or robbery. Defendant was convicted and sentenced as previously noted.

## II. ANALYSIS

On appeal, defendant raises claims of prosecutorial misconduct and ineffective assistance of counsel. Defendant's prosecutorial misconduct claim is based on numerous objections that were made by the prosecutor at trial during defense counsel's questioning of witnesses, as well as

statements made by the prosecutor during his questioning of witnesses and his closing and rebuttal arguments. Defendant's ineffective assistance of counsel claim is predicated on defense counsel's failure to object at trial to these instances of alleged prosecutorial misconduct.

## A. PROSECUTORIAL MISCONDUCT

This Court generally reviews claims of prosecutorial misconduct "de novo to determine if the defendant was denied a fair and impartial trial." *People v Thomas*, 260 Mich App 450, 453; 678 NW2d 631 (2004). However, if the defendant fails to contemporaneously object or request a curative instruction regarding the alleged misconduct, our review on appeal "is limited to ascertaining whether plain error affected defendant's substantial rights." *People v Brown*, 279 Mich App 116, 134; 755 NW2d 664 (2008). Defendant concedes on appeal that he did not preserve his prosecutorial misconduct claim in the trial court by objecting to the alleged instances of misconduct and that plain error review applies. "Reversal is warranted only when plain error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings, independent of defendant's innocence." *People v Ackerman*, 257 Mich App 434, 448-449; 669 NW2d 818 (2003). "[W]here a curative instruction could have alleviated any prejudicial effect we will not find error requiring reversal." *Id*. at 449. "The defendant bears the burden of demonstrating that such an error resulted in a miscarriage of justice." *Brown*, 279 Mich App at 134.

In this case, defendant raises 19 instances in which he alleges the prosecutor committed misconduct. These instances largely involve complaints about the language employed by the prosecutor in (1) questioning witnesses, (2) making objections to defense counsel's questioning of witnesses, and (3) portions of the prosecutor's closing and rebuttal argument. Defendant primarily complains about the prosecutor's statements insinuating that defense counsel's arguments and questioning of various witnesses were designed to mislead or confuse the jury, as well as what defendant characterizes as unnecessarily "sarcastic" and "unacceptable" statements made by the prosecutor that allegedly disparaged defense counsel. Defendant also contends that certain statements by the prosecutor impermissibly shifted the burden of proof.

"A prosecutor may not suggest that defense counsel is intentionally attempting to mislead the jury." *People v Watson*, 245 Mich App 572, 592; 629 NW2d 411 (2001). This type of argument by a prosecutor "impermissibly shifts the focus from the evidence itself to the defense counsel's personality." *People v Fyda*, 288 Mich App 446, 461; 793 NW2d 712 (2010) (quotation marks and citation omitted). A prosecutor may not make arguments implying that the defendant must prove something or explain evidence damaging to the defense, nor may a prosecutor comment on the defendant's failure to put forth evidence, because doing so tends to shift the burden of proof onto defendant. *Id*. at 463-464. Further, a prosecutor "must refrain from denigrating a defendant with intemperate and prejudicial remarks." *People v Bahoda*, 448 Mich App 261, 282-283; 531 NW2d 659 (1995).

The main problem with defendant's argument is found in the fact that the trial court overruled most of the prosecutor's objections in which the prosecutor asserted that defense counsel was misleading or confusing the jury. By doing so, the trial court permitted defense counsel to continue his questioning. Additionally, if follows that if the trial court overruled most of the prosecutor's objections that defense counsel was misleading or confusing the jury, the implication

-2-

when the trial court overruled most of the prosecution's objections was that defense counsel was not engaging in any improper or dishonest conduct.

Furthermore, to the extent defendant asserts on appeal that the prosecutor's repeated improper comments were so pervasive that they destroyed defendant's chance of having a fair trial before defendant took the stand to testify in his own defense, defendant does not meaningfully develop this argument and does not support it with any citations to legal authority. Defendant has thus abandoned this argument. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment [of an issue] with little or no citation of supporting authority. Defendant's failure to cite any supporting legal authority constitutes an abandonment of this issue." *Watson*, 245 Mich App at 587 (quotation marks and citation omitted; alteration in original). Moreover, the jury was also instructed at the conclusion of trial that the attorneys' statements and arguments were not evidence, that the jury's verdict could only be rendered on the basis of properly admitted evidence, that it was the jury's task to determine whether it believed what each witness said, that the prosecutor was required to prove each element of the crimes beyond a reasonable doubt, and that the defendant was "not required to prove his innocence or to do anything." "Jurors are presumed to follow their instructions, and instructions are presumed to cure most errors." *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003); see also *id*. at 276.[1]

## B. INEFFECTIVE ASSISTANCE OF COUNSEL

Next, defendant argues that defense counsel was ineffective for failing to object to the alleged instances of prosecutorial misconduct.

"To establish a claim of ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that there is a reasonable probability that, but for the deficiency, the factfinder would not have convicted the defendant." *Unger*, 278 Mich App at 242 (quotation marks and citation omitted).

Here, defendant asserts that there was no legitimate strategic reason for defense counsel to refrain from objecting to the instances of alleged prosecutorial misconduct. However, as previously stated, the trial court overruled most of the assistant prosecutor's objections mischaracterizing defense counsel's questions. Additionally, from this record we also glean that defense counsel did not object because he did not view these statements as personal attacks likely to have any impact on the defense or because he believed that the prosecutor's overzealous tendency to make unnecessarily verbose objections and arguments was negatively impacting the jury's view of the prosecutor rather than the jury's view of defendant. Hence, contrary to defendant's assertions on appeal, there were numerous strategic reasons for defense counsel to refrain from objecting, recognizing that: "[d]eclining to raise objections can often be consistent with sound trial strategy." *Id*. at 253. We were not present at trial and we do not "assess counsel's

---

[1] Our rejection of this argument should not be construed as an affirmance of the assistant prosecutor's behavior or verbiage during this trial. We do, however, appreciate the composure and patience exhibited by the trial court.

competence with the benefit of hindsight," *People v Rockey*, 237 Mich App 74, 76-77; 601 NW2d 887 (1999).

Moreover, other than asserting that he was prejudiced by the prosecutor's comments, defendant does not explain why, in light of the testimony and evidence demonstrating his guilt, there was a reasonable probability that the jury would not have convicted him—despite this evidence of guilt—if defense counsel had objected to the alleged instances of misconduct that defendant now claims amounted to personal attacks on defense counsel. Defendant cannot demonstrate the requisite prejudice to succeed on his ineffective assistance of counsel claim in this case—i.e., that there is a reasonable probability that he would not have been convicted had defense counsel objected to the alleged instances of prosecutorial misconduct—without even confronting or *discussing* the record evidence supporting his guilt and why he believes that the jury probably convicted him based on the prosecutor's allegedly improper remarks rather than on the basis of the evidence tending to show defendant's guilt. *Unger*, 278 Mich App at 242. Defendant has therefore failed to establish that he received ineffective assistance of counsel.[2]

We discern no error and accordingly affirm the convictions and sentences of defendant.

Affirmed.

/s/ Stephen L. Borrello
/s/ David H. Sawyer
/s/ Deborah A. Servitto

---

[2] This Court previously denied defendant's motion to remand "without prejudice to a case call panel of this Court determining that remand is necessary once the case is submitted on a session calendar." *People v Jordan*, unpublished order of the Court of Appeals, entered August 12, 2019 (Docket No. 347093). Defendant has failed to persuade this Court that he is entitled to a remand in this matter because defendant has not provided any offer of proof regarding what facts would be established at such a hearing on remand and therefore has not demonstrated that further "development of a factual record is required for appellate consideration of the issue." MCR 7.211(C)(1)(a)(ii).