*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
November 10, 2022

v

SETH MICHAEL WELCH,

        Defendant-Appellant.

No. 357501
Kent Circuit Court
LC No. 18-009204-FC

Before: SAWYER, P.J., and MARKEY and SWARTZLE JJ.

PER CURIAM.

Defendant's 10-month old daughter was found dead at home from malnourishment, and defendant was convicted of felony murder, MCL 750.316(b), and first-degree child abuse, MCL 750.136b(2). On appeal, defendant argues that there was not sufficient evidence to convict him and that his trial counsel was ineffective. We affirm.

Several witnesses testified that the child had an emaciated appearance with a face that "almost looked sunken." Additionally, they could feel the child's spine when they picked her up, and she was very thin. Evidence was introduced that showed dried blood coming from the child's nose, foam coming from the child's mouth, and a dripping brown liquid coming from the child's crib. The child weighed eight pounds at the time of her death, when a healthy weight for a child of her age would have been 14 to 15 pounds. The autopsy of the child showed visible injuries to the child's lungs, heart, abdominal organs, as well as a shrunken thymus gland and bone marrow incapable of producing white or red blood cells. An expert testified that this confirmed that the child died from malnourishment and dehydration.

On appeal, defendant first argues that the evidence was insufficient to maintain his convictions. This Court reviews a challenge to the sufficiency of the evidence de novo and "in the light most favorable to the prosecution to determine whether a rational trier of fact could have found the essential elements of the crime to have been proved beyond a reasonable doubt." See *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011).

"A person is guilty of child abuse in the first degree if the person knowingly or intentionally causes serious physical harm or serious mental harm to a child." MCL 750.136b(2). Defendant

argues that there was not sufficient evidence presented to demonstrate that he either knowingly or intentionally caused the death of the child.

"Because it is difficult to prove an actor's state of mind, the prosecution may rely on minimal circumstantial evidence to prove that the defendant had the required mental state." *People v McFarlane*, 325 Mich App 507, 516; 926 NW2d 339 (2018). "Intent and knowledge can be inferred from one's actions." *People v Gould*, 225 Mich App 79, 87; 570 NW2d 140 (1997).

In this case, the jury was presented with several of defendant's text messages to his wife complaining about his infant daughter. In one instance, for example, defendant wrote, "I can't deal with [the child] tonight. She is being a total cunt. Can you get out early or something because it's wild. I'm about to fuck her up. I gagged her for a bit. It's so bad." In addition to this shockingly callous and malicious text message, photos were extracted from defendant's phone that showed that he was checking on his daughter through the peephole of her bedroom door (rather than actually going into the room), and one detective testified that defendant had told him during an interview that he would not go near the peephole if things were quiet. It was also testified that defendant did not take his daughter to the doctor, even though he supposedly expressed concerns regarding her weight. Based on this and other evidence of a similar character, a rational jury could reasonably infer from defendant's consistent disregard of his infant daughter's basic needs that defendant knowingly caused her death through malnourishment and dehydration.

Next, defendant argues that his trial counsel was ineffective because counsel did not call a mental-health expert or object to certain statements made by the prosecutor.

Defendant's right to counsel is guaranteed by the United States and Michigan Constitutions. US Const, Am VI; Const 1963, art 1, § 20. This right includes the right to the effective assistance of counsel. *People v Cline*, 276 Mich App 634, 637; 741 NW2d 563 (2007). "Whether a defendant has been denied the effective assistance of counsel is a mixed question of fact and constitutional law." *People v Solloway*, 316 Mich App 174, 187; 891 NW2d 255 (2016).

To establish a claim of ineffective assistance of counsel, defendant must show that: (1) defense counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *People v Taylor*, 275 Mich App 177, 186; 737 NW2d 790 (2007). Defense counsel's performance is deficient if it fell below an objective standard of professional reasonableness. *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007). Defendant bears a heavy burden to show that counsel made errors so serious that counsel was not performing as constitutionally guaranteed, and defendant must overcome a strong presumption that counsel's performance constituted sound trial strategy. *People v Carbin*, 463 Mich 590, 599-600; 623 NW2d 884 (2001), citing *Strickland v Washington*, 466 US 668, 104 S Ct 2052, 80 L Ed 2d 674 (1984); *People v Rockey*, 237 Mich App 74, 76-77; 601 NW2d 887 (1999). The performance will be deemed to have prejudiced the defense if it is reasonably probable that, but for counsel's error, the result of the proceeding would have been different. *Jordan*, 275 Mich App at 667. "An attorney's decision whether to retain witnesses, including expert witnesses, is a matter of trial strategy." *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009).

Defendant argues that his trial counsel should have called an expert witness experienced in mental health and "complicated grief" to rebut the prosecutor's narrative that defendant had no

concern for his infant daughter when describing defendant's actions after she was found dead. Defendant has not shown, however, that calling or consulting with a mental-health expert experienced in "complicated grief" would have assisted his defense or that there is a reasonable probability that the outcome of his trial would have been different. Moreover, the record shows that defense counsel elicited testimony that defendant's demeanor at the scene could be attributable to shock. Defense counsel also cross-examined witnesses to challenge their assertion that defendant was acting unusual and elicited testimony that defendant had at times displayed a more typical response to the child's death. Therefore, defendant's claim of ineffective assistance of counsel regarding his counsel's alleged failure to call or consult a mental-health expert witness fails.

Defendant also argues that his defense counsel was ineffective for not objecting to two comments made by the prosecutor. First, during closing, the prosecutor described involuntary manslaughter to the jury by comparing the crime to when a parent's negligent supervision results in a child's drowning in a swimming pool. Second, the prosecutor characterized second-degree murder as a crime of passion. Defendant argues on appeal that both comments to the jury were improper.

The trial court had explained to the jury, however, that the attorneys' arguments were not evidence and it would provide final instructions after closing arguments. The trial court also reminded the jury of its oath to return a verdict based only on the evidence and the trial court's instructions on the law.

Assuming for the sake of argument that the prosecutor made a statement to which defense counsel should have objected, defendant cannot show any prejudice by his counsel's failure to object. "Jurors are presumed to follow their instructions and instructions are presumed to cure most errors." *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003). Although there may be cases in which a prosecutor's egregious misstatements of the law require a new trial, see e.g., *People v Unger*, 278 Mich App 210, 238; 749 NW2d 272 (2008), this is not such a case. Any objection by defense counsel would have been futile, given that the prosecutor's statements were not particularly egregious (if egregious at all) and the trial court's instructions cured any alleged defect. "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Affirmed.


/s/ David H. Sawyer
/s/ Jane E. Markey
/s/ Brock A. Swartzle