*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

UNPUBLISHED
January 19, 2023

v

JOHN HEMBRICK HUTTO,

      Defendant-Appellant.

No. 359128
Van Buren Circuit Court
LC No. 2021-023044-FH

Before: M.J. KELLY, P.J., and BOONSTRA and SWARTZLE, JJ.

PER CURIAM.

The police received an alert from a home-security system, and when they arrived at the house, they discovered defendant inside with a tampered alarm system, forcefully opened storm door, and a hole in the side of the wall of the house. Defendant was convicted of second-degree home invasion. Defendant now appeals that he was denied a fair trial because defense counsel failed to remove a specific juror during voir dire and the prosecutor allegedly asked defendant an improper question for which the trial court did not grant a mistrial. We affirm.

During voir dire, defense counsel asked the jurors if, "in an ideal world,…the state should have to prove someone is guilty or that, maybe, a person should have to prove that they are innocent?" A juror replied that they thought "the person has got to prove they're innocent." Defense counsel then used all of her peremptory challenges on other jurors, and she also challenged a different juror's presence for cause. The juror that replied to defense counsel's question stayed on the jury. The trial court explained, during the beginning of the trial, that a person accused of a crime is presumed to be innocent.

Defendant testified regarding the circumstances of his presence in the house, and during direct examination he stated that he "didn't have intentions on going in there and stealing nothing…I'm not some big thief, you know." The prosecutor then asked the trial court if it may ask defendant about his prior convictions involving theft to impeach his statement that he was not a thief, and the trial court stated that it would allow the prosecutor "to ask if there is an (inaudible) conviction on it." Defense counsel originally objected, but later agreed that the prosecutor could ask about theft convictions generally.

On cross-examination, the prosecutor asked "as a matter of fact, sir, you've been convicted of armed robbery in 2008?" Defense counsel objected, but not before defendant answered, "That was 15 years ago." The trial court sustained the objection because it only authorized the prosecutor to ask about defendant's theft conviction in a general manner, without reference to the "armed" aspect. Defendant moved for a mistrial, and the trial court denied his motion.

Defendant first argues that he was denied the effective assistance of counsel when defense counsel did not remove the specific juror during voir dire.

Defendant's right to counsel is guaranteed by the United States and Michigan Constitutions. US Const, Am VI; Const 1963, art 1, § 20. This right includes the right to the effective assistance of counsel. *People v Cline*, 276 Mich App 634, 637; 741 NW2d 563 (2007). "Whether a defendant has been denied the effective assistance of counsel is a mixed question of fact and constitutional law." *People v Solloway*, 316 Mich App 174, 187; 891 NW2d 255 (2016).

To establish a claim of ineffective assistance of counsel, defendant must show that: (1) defense counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *People v Taylor*, 275 Mich App 177, 186; 737 NW2d 790 (2007). Defense counsel's performance is deficient if it fell below an objective standard of professional reasonableness. *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007). Defendant bears a heavy burden to show that counsel made errors so serious that counsel was not performing as guaranteed by the Sixth Amendment, and defendant must overcome a strong presumption that counsel's performance constituted sound trial strategy. *People v Carbin*, 463 Mich 590, 599-600; 623 NW2d 884 (2001), citing *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Rockey*, 237 Mich App 74, 76-77; 601 NW2d 887 (1999). The performance will be deemed to have prejudiced the defense if it is reasonably probable that, but for counsel's error, the result of the proceeding would have been different. *Jordan*, 275 Mich App at 667. "An attorney's decision whether to retain witnesses, including expert witnesses, is a matter of trial strategy." *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009).

"[T]his Court has been disinclined to find ineffective assistance of counsel on the basis of an attorney's failure to challenge a juror," because "[p]erhaps the most important criteria in selecting a jury include a potential juror's facial expressions, body language, and manner of answering questions," and this Court does not have the benefit of seeing or listening to the jurors as they answer questions. *People v Unger*, 278 Mich App 210, 258; 749 NW2d 272 (2008). Defense counsel used all the preemptory challenges available to her, and she challenged a different juror for cause. Defendant has not demonstrated that defense counsel's use of peremptory challenges on other jurors was not strategic. Moreover, defendant has not demonstrated that defense counsel was ineffective for choosing to use all peremptory challenges on other jurors.

Furthermore, the trial court instructed the jury several times that they were to presume that defendant was innocent until proven guilty beyond a reasonable doubt, and "[i]t is well established that jurors are presumed to follow their instructions." *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998). In fact, it is not at all clear to this Court what defense counsel was even asking the potential juror, as whether one lives in an "ideal world" has no obvious implication or connection to which burden of proof would be appropriate. In any event, defendant has not

-2-

demonstrated that the juror in question was biased, nor that the outcome of the trial would have been different but for the juror remaining on the jury given these instructions.

Defendant also argues that he was provided ineffective assistance when defense counsel originally agreed to allow the prosecutor to ask generally about his prior conviction. But, defense counsel did in fact object to the prosecutor's more specific questioning and also moved for a mistrial after the trial court sustained her objection. Furthermore, the original question that the trial court would have allowed from the prosecutor, regarding defendant's prior convictions generally, was permissible under MRE 404(b)(1). Our Supreme Court explained in *People v Wilder*, 502 Mich 57, 64; 917 NW2d 276 (2018):

> MRE 404(b)(1) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes . . . " Generally speaking, impeachment by contradiction can be a proper purpose for the admission of other-acts evidence. Impeachment of this kind usually occurs when a prosecutor seeks to cross-examine a defendant about prior convictions in order to impeach a defendant's blanket denial on direct examination of ever engaging in conduct similar to the charged conduct. [cleaned up.]

In this case, the prosecutor was not asking to use the defendant's previous conviction to impeach defendant's credibility in general or to show that he acted in conformity with a prior act. Instead, the prosecutor asked the trial court for permission to use defendant's previous conviction to impeach defendant on his specific statement that he is not "some big thief." Therefore, evidence of defendant's prior conviction was admissible under MRE 404(b)(1), and defense counsel was not ineffective for agreeing to the line of questioning in the first place. For this same reason, the trial court did not err in allowing the prosecutor to ask the question about defendant's prior theft conviction.

Lastly, defendant argues that the trial court erred by not granting a mistrial once the prosecutor asked about his prior conviction of armed robbery. "Whether to grant or deny a mistrial is within the discretion of the trial court and will not be reversed on appeal absent an abuse of discretion resulting in a miscarriage of justice." *Veltman v Detroit Edison Co*, 261 Mich App 685, 688; 683 NW2d 707 (2004).

> A motion for a mistrial should be granted only for an irregularity that is prejudicial to the rights of the defendant and impairs the defendant's ability to get a fair trial. For a due process violation to result in reversal of a criminal conviction, a defendant must prove prejudice to his or her defense. Further, the moving party must establish that the error complained of is so egregious that the prejudicial effect can be removed in no other way. [*People v Dickinson*, 321 Mich App 1, 18; 909 NW2d 24 (2017) (cleaned up).]

The trial court instructed the jurors that the attorneys' questions cannot be used as evidence in their deliberations, and it struck the prosecutor's question regarding defendant's armed robbery conviction from the record. Defendant argues that this instruction was not adequate because he answered the prosecution's question, and his answer was evidence that was still able to be

considered by the jury. Defendant ignores, however, the other evidence and testimonies that were presented at trial. This included evidence regarding defendant being found in the house, with a tampered security system, and a hole in the wall. Given this and all of the other evidence submitted at trial, the prosecutor's question and defendant's partial answer were not so egregious that the prejudicial effect could only be removed by granting a mistrial. Therefore, it was not outside the range of principled outcomes for the trial court to deny defendant's motion for a mistrial.

Affirmed.

/s/ Michael J. Kelly
/s/ Mark T. Boonstra
/s/ Brock A. Swartzle