# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JOSE VILLANUEVA,

        Defendant-Appellant.

UNPUBLISHED
May 16, 2017

No. 332366
Van Buren Circuit Court
LC No. 15-020133-FH

Before: MARKEY, P.J., and MURPHY and METER, JJ.

PER CURIAM.

Defendant appeals by right his convictions for manufacture of a controlled substance in violation of MCL 333.7401c(2)(f) and possession of methamphetamine in violation of MCL 333.7403(2)(b)(*i*). The trial court sentenced defendant to 72 months to 40 years' imprisonment for the first offense and 18 months to 20 years' for the second. We affirm.

Defendant's convictions arose from a search conducted pursuant to a warrant of a two-story farmhouse located in Bangor Township. Meth-lab equipment and some methamphetamine were found in an upstairs bedroom in the house, and a driver's license belonging to defendant was found in a dresser in that bedroom. The address on the front side of the driver's license was the same address as the house identified in the search warrant. To document the search, the police photographed the house, the meth-lab contraband, and defendant's driver's license. The meth-lab contraband was seized and removed from the house, but the police left defendant's license on site because personal items that were not illegal were not removed.

After the search, two detectives met with defendant at the jail where he was being held in relation to an arrest the night before. After the detectives informed defendant of his *Miranda*[1] rights and defendant agreed to be interviewed, the detectives questioned defendant about the house and the drug manufacturing operation found there. Throughout the recorded interview the detectives repeatedly identified the house as defendant's house. Defendant never denied that he resided at the house: He admitted that the house was his, and he was the head of the household

---

[1] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

-1-

there. One of the detectives testified that after the interview in the hallway, defendant stopped him and admitted, "I can't let those girls go down for this. The stuff in the house is mine."

During trial, one of the detectives called as a prosecution witness testified that the sheriff's department had contact with defendant the night before the search and asked him his address. Defendant told the officer the address of the house identified in the search warrant.

In the middle of that detective's trial testimony, during a break, defense counsel raised an objection based on MRE 1002 to the photo of the driver's license belonging to defendant. Defense counsel argued that the photo was inadmissible because it was not the original license. Defense counsel explained that the photo depicted only the front side of defendant's license. He explained that defendant had told him that a sticker was on the other side indicating a change of address. Defense counsel stated that he only just realized that the prosecution was going to use the photo instead of the original license and had he known that, he would have previously filed a motion objecting on MRE 1002 grounds.

Defense counsel offered an apology to the trial court and stated further,

> If that's ineffective assistance of counsel, I apologize to my client and to the Court, but my explanation is I thought they would be bringing the actual license and I was prepared to proceed in that event. I've objected to the photo itself . . . . And I apologize if my ineffective assistance of counsel has burdened my client or inconvenienced the Court.

After further discussion between the trial court and counsel, the trial court denied the evidentiary objection and instructed defense counsel that he could cross-examine witnesses and have defense witnesses testify regarding the back side of the license and the address change.

After the prosecution rested its case, defendant took the stand and testified in his own defense. He explained that his mother owned the property and that she had kicked him out of the house long before the search took place. He said that he was staying at a campground in Niles and had not been in the house in weeks. He testified that he was not aware of what was going on in this house and denied having any control over the premises or its occupants. Defendant also testified that he had no idea how his driver's license ended up in the dresser drawer where it was found during the search. He explained that the back of his license had a sticker that indicated that his address was changed and was not that of the searched house. He also testified that the night before the search, during his contact with the police, he had given the police the searched house's address as his current address because he was a registered sex offender and thought he would not be released unless he provided the police a home address. Defendant denied living at the house at the time of the search.

Defendant claims on appeal that his trial counsel provided ineffective assistance during trial because he did not obtain and use an official document from the Secretary of State that proved his driver's license address had been changed. He contends that such a document would have corroborated his defense that he did not reside at the house where meth-lab equipment and methamphetamine were found. We disagree.

Our review of this issue is limited to alleged errors by counsel evident in the existing trial record because defendant failed to preserve this issue for our review by moving for a new trial or an evidentiary hearing [2] in the trial court. *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008).

Defendant bears the burden of establishing that his trial counsel provided ineffective assistance by showing that "(1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v Washington*, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984). Defendant must overcome a strong presumption that trial counsel provided effective assistance. *Id*. at 689; *Trakhtenberg*, 493 Mich at 52. "Decisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy." *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999). "This Court does not second-guess counsel on matters of trial strategy, nor does it assess counsel's competence with the benefit of hindsight." *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012).

We note that defendant has attempted to substantiate his ineffective assistance claim by proffering on appeal a document from the Secretary of State submitted with defendant's brief showing a driver's license address change for defendant. The document would be improper for this Court to consider because it is not part of the lower court record and, therefore, constitutes an impermissible expansion of the record on appeal. *People v Seals*, 285 Mich App 1, 20-21; 776 NW2d 314 (2009). But even if we were to consider the document, we conclude that it does not establish that the address featured in the document was, in fact, defendant's residence at the time of the search executed pursuant to warrant. At most, it may corroborate defendant's trial testimony that his license featured a sticker on its back side that differed from the searched house's address on the license's front. As explained below, we do not conclude from our review of the trial record that counsel's performance fell below an objective standard of reasonableness and that, but for defense counsel's conduct, a reasonable probability exists that the trial outcome would have been different. *Trakhtenberg*, 493 Mich at 51.

First, defendant was not precluded from raising his changed address and residency defense simply because his counsel did not produce at trial a document that corroborated defendant's trial testimony that his license bore a sticker with an address different from that of the searched house. The trial record shows that his defense was developed and actually presented at trial. Defense counsel cross-examined the prosecution witnesses regarding the driver's license, the fact that they did not seize it during the search, and that the back side had not been photographed. Further, defense counsel also presented defendant's own trial testimony in support of his changed address and residency defense.

The trial record supports the conclusion that defendant was not deprived by his counsel's conduct from presenting his changed address and residency defense. Although defense counsel

---

[2] See *People v Ginther,* 390 Mich 436, 442-443; 212 NW2d 922 (1973).

did not obtain an official document corroborating defendant's testimony, defendant presented evidence regarding his driver's license and that he did not reside at the house at the time of the search. Consequently, we conclude that defense counsel's performance did not fall below an objective standard of reasonableness. *Trakhtenberg*, 493 Mich at 51.

Moreover, even if we were to conclude that defense counsel's performance was deficient, we cannot conclude that a reasonable probability exists that the outcome of defendant's trial would have been different. The trial record reflects that the jurors heard and weighed both defendant's trial testimony and his recorded statements in his voluntary interview with the detectives. With or without an official document from the Secretary of State corroborating defendant's trial testimony, the jurors reasonably could have concluded from defendant's recorded interview statements that defendant resided at the searched house. Further, official verification that defendant's license had a changed address sticker on its back side would not alter the fact that his license was found in the house at the time of the search, thereby connecting him with the house. Thus, even though an official document may have conflicted somewhat with the prosecution's theory, defendant's own admissions in his interview would have undermined such evidence. Consequently, we do not believe defense counsel's failure to obtain and use such evidence creates a reasonable probability that the trial result would have been different. *Id*.

We affirm.

/s/ Jane E. Markey
/s/ William B. Murphy
/s/ Patrick M. Meter