# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JIM WILLIAMS, JR.,

      Defendant-Appellant.

UNPUBLISHED
April 12, 2018

No. 335608
Wayne Circuit Court
LC No. 15-007458-01-FC

Before: SAWYER, P.J., and HOEKSTRA and MURRAY, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of assault with intent to do great bodily harm (AWIGHB), MCL 750.84; discharging a firearm at a building causing injury, MCL 750.234b(3); carrying a dangerous weapon with unlawful intent, MCL 750.226; felon in possession of a firearm, MCL 750.224f; carrying a concealed weapon (CCW), MCL 750.227; and possession of a firearm during the commission of a felony, second offense (felony-firearm), MCL 750.227b. The trial court initially sentenced defendant in October 2016, but later resentenced defendant in September 2017 to a prison term of 43 to 120 months for AWIGHB, 65 to 180 months for discharging a firearm at a building causing injury, 21 to 60 months each for carrying a dangerous weapon with unlawful intent, felon in possession of a firearm, and CCW, and 60 months for felony-firearm. Because defendant was not denied the effective assistance of counsel and defendant is not entitled to resentencing, we affirm.

According to the evidence introduced at trial, defendant had an altercation with Demetrius Beckum at a liquor store on April 30, 2015. Later that day, defendant fired several shots at Beckum while Beckum was speaking to Verdena Jamison on Jamison's front porch. Beckum was shot in the foot. Defendant then fled the scene in a blue-green van. Beckum identified defendant as the shooter, and Jamison's neighbor, Jeffery Woodford, heard the shots and saw defendant driving away in the blue-green van. The jury convicted defendant as noted above. Defendant now appeals as of right.

## I. INEFFECTIVE ASSISTANCE

On appeal, defendant argues that he was denied the effective assistance of counsel because of the cumulative effect of his attorney's errors. Specifically, defendant claims that counsel provided ineffective assistance by (1) failing to object to the introduction of a surveillance video showing the blue-green van, (2) failing to file a motion to exclude Jamison's

-1-

identification of defendant, (3) failing to obtain surveillance video to show that defendant did not have an altercation with Beckum at the liquor store, and (4) failing to secure evidence showing that another individual, Tyrone Keys, had an ongoing dispute with Beckum.

Although defendant preserved his ineffective assistance of counsel claim by moving for a new trial, no *Ginther*[1] hearing was held, meaning that our review is limited to mistakes apparent from the record. *People v Lane*, 308 Mich App 38, 68; 862 NW2d 446 (2014). "To prove that his defense counsel was not effective, the defendant must show that (1) defense counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that counsel's deficient performance prejudiced the defendant." *Id*. "Because the defendant bears the burden of demonstrating both deficient performance and prejudice, the defendant necessarily bears the burden of establishing the factual predicate for his claim." *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001). There is a "strong presumption that counsel's challenged actions were sound trial strategy," *People v Cooper*, 309 Mich App 74, 80; 867 NW2d 452 (2015), and "[w]e will not substitute our judgment for that of counsel on matters of trial strategy, nor will we use the benefit of hindsight when assessing counsel's competence," *People v Unger*, 278 Mich App 210, 242-243; 749 NW2d 272 (2008).

First, defendant argues that he was denied the effective assistance of counsel because his trial attorney failed to object to the admission of the surveillance video that was admitted as Exhibit 19. The video footage was taken from a camera on Woodford's house and it showed a van driving away. According to defendant, defense counsel should have challenged the introduction of the video because no foundation was laid for its admission. However, contrary to defendant's argument, the prosecution laid a proper foundation for the admission of the video by presenting testimony from Woodford and the detective who obtained the video footage. Woodford testified that there was a security camera on his home which captured "cars riding past" on the street. The detective explained that he went to Woodford's house and, using a feature that allowed him to search by date and time, he extracted footage from the surveillance equipment for the time of the shooting. This testimony was sufficient to support a finding that the video in question was what the prosecution claimed it to be. See MRE 901(a), (b)(1); *People v Hack*, 219 Mich App 299, 310; 556 NW2d 187 (1996). Nothing more was required to lay a foundation for the admission of the video, and any objection by defense counsel to the admission of the video would have been futile. "Counsel is not ineffective for failing to make a futile objection." *People v Thomas*, 260 Mich App 450, 457; 678 NW2d 631 (2004).

Defendant next argues that counsel was ineffective for failing to object to Jamison's in-court identification of defendant. Additionally, defendant asserts that Jamison's response to the photo array should have been excluded because it was not a positive identification. Rather, Jamison stated that the shooter was either Number 1 or 6 on the array, and defendant's photograph was Number 1 on the array. However, in making this argument, defendant fails to provide a citation to where in the record Jamison identified defendant in court, and defendant makes his argument without any citation to supporting legal authority. By failing to adequately

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

brief the issue, defendant has abandoned this argument. *People v Henry*, 315 Mich App 130, 148-149; 889 NW2d 1 (2016). Nevertheless, having reviewed the record, we see nothing unduly suggestive or otherwise improper about the pretrial identification procedures, and thus there was no basis to exclude evidence relating to the photo array. See *People v Kurylczyk*, 443 Mich 289, 303-311; 505 NW2d 528 (1993); *People v McElhaney*, 215 Mich App 269, 287; 545 NW2d 18 (1996). Further, even if Jamison's in-court identification raises reliability concerns in light of her previous inability to identify defendant and her admission that she recognized him because she saw him at a previous hearing, *People v Solomon*, 220 Mich App 527, 531; 560 NW2d 651 (1996), defendant's ineffective assistance argument would still fail. Defense counsel thoroughly cross-examined Jamison about the basis for her identification of defendant, the jury was given instructions on evaluating eyewitness identification testimony, and defense counsel thoroughly presented the infirmities in Jamison's identification to the jury during closing argument. Cf. *People v Blevins*, 314 Mich App 339, 350; 886 NW2d 456 (2016) ("Any infirmities either were . . . presented to the jury, and the jury was properly instructed to consider these infirmities."). Moreover, aside from Jamison's testimony, there was considerable evidence of defendant's guilt. Beckum positively identified defendant as the shooter, Woodford identified defendant as the man driving away in the blue-green minivan, video footage confirmed a van driving away from the scene, and the blue-green minivan was found at defendant's home. Given this other evidence establishing defendant's guilt, defendant has not shown that counsel's failure to object to Jamison's identification affected the outcome of the proceedings. Thus, defendant's ineffective assistance claims must fail.

Defendant next argues that counsel was ineffective for failing to obtain a surveillance video from the Liquor Palace, which, according to defendant, would have shown that the earlier altercation between defendant and Beckum never took place. However, there is no evidence that such a video exists and thus defendant's argument fails because he has not established the factual predicate of his claim. See *Carbin*, 463 Mich at 600. In any event, even assuming such a video existed, the record shows that defense counsel made the strategic decision to use the evidence of a fight to portray defendant as a victim while casting Beckum in a negative light by emphasizing that defendant was just "minding his own business" when Beckum approached him and "beat [defendant] down." While this strategy proved unsuccessful, we do not judge counsel's competence based on the benefit of hindsight. *Unger*, 278 Mich App at 242-243. Defendant has not shown that counsel's performance fell below an objective level of reasonableness. Moreover, defendant cannot establish prejudice from counsel's failure to obtain video from the liquor store given that multiple eyewitnesses placed him and the blue-green van at the scene of the shooting. His ineffective assistance claim is without merit.

Next, defendant argues that defense counsel provided ineffective assistance by failing to secure evidence that Keys had an ongoing dispute with Beckum that would support the conclusion that Keys shot Beckum. Contrary to defendant's argument, the jury was presented with evidence of a dispute between Keys and Beckum. Specifically, Beckum testified that Keys pulled a gun on him on April 29, 2015. Further, evidence was introduced that an initial police report named Keys as the possible shooter. During closing arguments, defense counsel emphasized this evidence to the jury and urged them to consider "who's responsible in this matter." Defendant now asserts that there is additional evidence of conflict between Keys and Beckum that defense counsel could have used at trial. However, this additional evidence is not in the lower court record, meaning that defendant has not established the factual predicate of his

-3-

claim. See *Carbin*, 463 Mich at 600. In any event, decisions regarding what evidence to present are presumed to be matters of trial strategy, *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999), and defendant has not shown that counsel's decisions regarding what evidence to present fell below an objective level of reasonableness. Further, given eyewitness testimony that defendant was the shooter, defendant cannot show outcome determinative prejudice based on counsel's failure to present additional evidence of conflict between Keys and Beckum. Defendant's ineffective assistance claim is without merit.[2]

## II. SENTENCING

Finally, defendant argues that his sentence is unreasonable and disproportionate; and, according to defendant, this unreasonable and disproportionate sentence constitutes cruel and unusual punishment. This argument lacks merit. "[T]his Court is required to review for reasonableness only those sentences that depart from the range recommended by the statutory guidelines." *People v Anderson*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket No. 334219); slip op at 7. A sentence within the applicable sentencing guidelines range need not be reviewed for reasonableness and must instead be affirmed absent a scoring error or reliance on inaccurate information. *Id*. at ___; slip op at 7-8. Further, a sentence within the advisory guidelines range is "presumptively proportionate," *People v Jackson*, 320 Mich App 514, 527; __ NW2d __ (2017), and "a sentence that is proportionate is not cruel or unusual punishment," *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008). "In order to overcome the presumption that the sentence is proportionate, a defendant must present unusual circumstances that would render the presumptively proportionate sentence disproportionate." *People v Bowling*, 299 Mich App 552, 558; 830 NW2d 800 (2013) (quotation marks and citation omitted). In this case, the trial court sentenced defendant within the advisory guidelines range. Defendant does not raise any scoring challenges and he does not assert that the trial court relied on inaccurate information. Moreover, defendant has not presented unusual circumstances to overcome the presumption that his sentence is proportionate. Consequently, he is not entitled to resentencing.

Affirmed.

/s/ David H. Sawyer
/s/ Joel P. Hoekstra
/s/ Christopher M. Murray

---

[2] We note that, as an alternative to requesting a new trial, defendant asks that we remand for a *Ginther* hearing. Previously, defendant filed a motion to remand for an evidentiary hearing, which this Court denied. *People v Williams*, unpublished order of the Court of Appeals, entered July 10, 2017 (Docket No. 335608). In any event, as we have discussed, even if there was evidentiary support for defendant's arguments, his claims of ineffective assistance are without merit and thus there is no need for further factual development. His request to remand for an evidentiary hearing is again denied.