*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
June 23, 2022

Plaintiff-Appellee,

v

No. 356388
Macomb Circuit Court
LC No. 2020-000029-FH

LATRESE MONET BRIDGES,

Defendant-Appellant.

Before: MARKEY, P. J., and SHAPIRO and PATEL, JJ.

PER CURIAM.

Defendant argues that this a case of mistaken identity. She maintains that there was insufficient evidence to support her bench trial convictions for (1) third-degree fleeing and eluding a police officer, MCL 257.602a(3)(a), and (2) assaulting, resisting, or obstructing a police officer, MCL 750.81d(1).[1] Defendant further asserts that she was denied effective assistance of counsel because her trial counsel failed to object to the admission of improper character evidence and hearsay testimony. We affirm.

## I. BACKGROUND

Eleven days prior to defendant's arrest, Eastpointe Police Sergeant Robert Koenigsmann pulled over the driver of a Ford Edge. The female driver exited the vehicle unprompted. Koenigsmann had at least a one-minute conversation with the driver outside of the vehicle. The driver refused Koenigsmann's request for her identification, re-entered the Edge, interacted with two young children in the backseat, and engaged in a telephone conversation wherein she stated that she had been pulled over. The driver then accelerated the vehicle backwards into the front driver's side of the police vehicle and sped off. Koenigsmann pursued the driver with the police vehicle's emergency lights and sirens activated. But he terminated the pursuit after only a few

---

[1] Defendant was also charged with malicious destruction of police or fire department property, MCL 750.377b. However, the trial court found defendant not guilty of this charge.

minutes for safety reasons. The entire encounter was recorded on the patrol vehicle's in-car camera.[2]

Subsequently, it was determined that the Edge belonged to Kimberly Ellison. During the police investigation, Ellison maintained that she had taken the Edge to a mechanic named "Shotgun" two weeks earlier. Ellison told Shotgun that the police were investigating a hit-and-run incident involving the Edge and asked him where the vehicle was. Shotgun allegedly sent Ellison a text explaining that his niece had the vehicle. Ellison filed a stolen vehicle report with the Detroit Police Department.

Eleven days after the hit-and-run, Koenigsmann was off-duty when he walked past defendant on a sidewalk near the area where the initial traffic stop took place. Based on her physical features, Koenigsmann believed that defendant was the woman who drove the Edge into his police vehicle and fled the scene. Koenigsmann called the police department to request officers to come speak with defendant. The officers approached defendant, told her that she was the subject of an investigation, and asked for her identification. Defendant was argumentative, refused to provide identification, and began a phone conversation complaining that she was being harassed. Observing defendant's defiance, Koenigsmann approached and recounted the events that transpired 11 days prior. Defendant denied any involvement and continued her phone conversation. The officers warned defendant to cooperate. She refused and was arrested.

Following a bench trial, defendant was convicted of third-degree fleeing and eluding a police officer and assaulting, resisting, or obstructing a police officer. She was acquitted of malicious destruction of police or fire property. She was sentenced to 18 months' probation and one day of jail time. This appeal followed.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant argues that there was insufficient evidence to establish that she was the person driving the Edge during the initial encounter with Koenigsmann. We disagree.

We review de novo a challenge to the sufficiency of the evidence. *People v Lane*, 308 Mich App 38, 57; 862 NW2d 446 (2014). We must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt. *Id.* This Court "must defer to the fact-finder by drawing all reasonable inferences and resolving credibility conflicts in support of the . . . verdict." *People v Schumacher*, 276 Mich App 165, 167; 740 NW2d 534 (2007).

Identity is an element of every offense. *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008). A witness's positive identification can be sufficient to support a conviction. *People v Davis*, 241 Mich App 697, 700; 617 NW2d 381 (2000). It is the trier of fact's role to resolve the credibility of identification testimony and we will not resolve it anew. *Id.*

---

[2] The recording did not include any audio.

At trial, Koenigsmann unequivocally identified defendant as the driver of the Edge. He testified that he stood approximately two feet from the driver for at least one minute. He made observations regarding the driver's clothing, hairstyle, height, weight, and demeanor during the initial stop. He stated that he had an unobstructed view of the driver's face during the encounter. Although the encounter occurred at night, the area was illuminated by street lights and the patrol vehicle's spotlight. Eleven days later, when Koenigsmann encountered defendant on a sidewalk, he recognized her face and noted that she had the same hairstyle, height, weight, clothing, and demeanor as the driver of the Edge. Koenigsmann's testimony, if believed, was sufficient to establish defendant's identity as the perpetrator beyond a reasonable doubt. *Davis*, 241 Mich App at 700. And the evidence at trial included the patrol vehicle's in-car camera video recording from the initial encounter.

Defendant essentially argues that Koenigsmann's identification testimony was not reliable. Defendant emphasizes factors such as poor lighting, inconsistencies in the driver's height and weight compared to defendant, Ring surveillance video that showed she was at home several hours before the initial encounter, and her own self-serving testimony denying involvement in the initial encounter or any knowledge of Shotgun or Ellison. Defendant's challenges are related to the credibility of Koenigsmann's testimony, which is a matter of weight, not sufficiency. See *People v Scotts*, 80 Mich App 1, 9; 263 NW2d 272 (1977). We "will not interfere with the [trier of fact's] determinations regarding weight of the evidence and the credibility of the witnesses." *People v Unger (On Remand)*, 278 Mich App 210, 222; 749 NW2d 272 (2008). Applying these standards, there was sufficient evidence to enable the trial court to find beyond a reasonable doubt that defendant was the driver of the Edge when it struck the police vehicle and fled. We will not disturb that determination.

Defendant further argues that there was no probable cause to arrest her and she was entitled to resist the unlawful arrest during the second encounter. Our Supreme Court has held that "[p]robable cause to arrest exists where the facts and circumstances within an officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *People v Champion*, 452 Mich 92, 115; 549 NW2d 849 (1996). The officers had probable cause to arrest defendant based on the information Koenigsmann provided regarding the hit-and-run and fleeing from the officer. Accordingly, defendant did not have the right to resist or obstruct the lawful actions of the officers. See *People v Moreno*, 491 Mich 38, 46-47; 814 NW2d 624 (2012).

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that she was denied effective assistance of counsel because trial counsel failed to object to improper character evidence and hearsay testimony. We disagree.

A claim of ineffective assistance of counsel must be raised below in a motion for a new trial or an evidentiary hearing. *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973); *People v Snider*, 239 Mich App 393, 423; 608 NW2d 502 (2000). Defendant first raised the issue of ineffective assistance of counsel in her brief on appeal. Because she raised the issue for the first time on appeal, it is unpreserved for appellate review.

Claims of ineffective assistance of counsel present mixed questions of fact and constitutional law. *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011). We review factual findings for clear error, while the constitutional issue is reviewed de novo. *Id*. However, because defendant failed to preserve the claim, our review is limited to those errors apparent from the record. *People v Heft*, 299 Mich App 69, 80, 829 NW2d 266 (2012).

Effective assistance of counsel is presumed and a defendant bears a heavy burden to prove otherwise. *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999). A defendant must overcome the strong presumption that trial counsel's actions constituted sound trial strategy under the circumstances. *People v Toma*, 462 Mich 281, 302; 613 NW2d 694 (2000). "To prevail on a claim of ineffective assistance, a defendant must, at a minimum, show that (1) counsel's performance was below an objective standard of reasonableness and (2) a reasonable probability exists that the outcome of the proceeding would have been different but for trial counsel's errors." *People v Head*, 323 Mich App 526, 539; 917 NW2d 752 (2018) (quotation marks and citation omitted; alteration removed). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *People v Randolph*, 502 Mich 1, 9; 917 NW2d 249 (2018).

At trial, Koenigsmann testified that defendant's actions of refusing to provide identification, making a telephone call, and the contents of her telephone conversation were "almost identical" to the actions of the Edge driver during the first encounter. Defendant contends that this testimony was improper character evidence under MRE 404(b) and trial counsel should have objected.

MRE 404(b) "is not exclusionary, but is inclusionary, because it provides a nonexhaustive list of reasons to properly admit evidence that may nonetheless also give rise to an inference about the defendant's character." *People v Mardlin*, 487 Mich 609, 616, 790 NW2d 607 (2010). Koenigsmann's testimony was offered to support his identification of defendant as the driver of the Edge, which is a noncharacter purpose. "Evidence relevant to a noncharacter purpose is *admissible* under MRE 404(b) *even if* it also reflects on a defendant's character." *Id.* at 615 (emphasis in original). Therefore, it cannot be said that trial counsel's performance fell below an objective standard of reasonableness. See *Heft*, 299 Mich App at 83 (stating that it is not unreasonable to refrain from raising meritless objections). Nor can we concluded that that the result of the trial could have been different but for trial counsel's alleged error in failing to object to the evidence. *Head*, 323 Mich App at 539.

Defendant further argues that Ellison's testimony that Shotgun told her that his niece had the Edge was inadmissible hearsay testimony and trial counsel should have objected. This Court has explained that failing to object may be a matter of trial strategy because "there are times when it is better not to object and draw attention to an improper comment." *Unger*, 278 Mich App at 242 (quotation marks and citation omitted). Defendant testified that she did not know Shotgun. Thus, Ellison's testimony provided a plausible theory that it was Shotgun's niece, not defendant, driving the Edge at the time of the hit-and-run. "We will not substitute our judgment for that of counsel on matters of trial strategy[.]" *Id.* at 242-243. Defendant has not overcome the strong presumption that trial counsel's actions were strategic. *Toma*, 462 Mich at 302. Further, we do not find that the result of the trial could have been different but for trial counsel's alleged error in failing to object to the evidence. *Head*, 323 Mich App at 539.

## IV. CONCLUSION

There was sufficient evidence to support defendant's convictions. And defendant has not overcome the presumption that trial counsel was effective. Accordingly, we affirm her convictions.

/s/ Jane E. Markey
/s/ Douglas B. Shapiro
/s/ Sima G. Patel